**UNITED STATES of America**

v.

**WOODY FASHIONS, INC., Harry D. Graff and Harry Zucker, Defendants.**

United States District Court
S. D. New York.

Jan. 25, 1961.

S. Hazard Gillespie, Jr., U. S. Atty., for the Southern Dist. of New York, New York City, for United States; James McK. Rose, Jr., Asst. U. S. Atty., New York City, of counsel.

Louis Bender, New York City, for defendant Harry Zucker.

Kaplan & Kilsheimer, New York City, for defendant Harry D. Graff.

DAWSON, District Judge.

Defendants have moved for a dismissal of this multicount indictment. The indictment charges violations of provisions of the Wool Products Labeling Act of 1939 (15 U.S.C.A. §§ 68–68j).

Counts 9 through 55 allege that the defendants, who were manufacturers of wool products, subject to the Wool Products Labeling Act of 1939, failed to keep proper records of facts and transactions relating to the business of the corporate defendant "in that the aforesaid defendants did neglect and fail to make and cause to be made any entries in books, records and memoranda kept by the said corporate defendant of the purchase of pieces of fabric as herein specified." The various counts relate to various purchases of pieces of fabric referred to therein.

In other words, these counts of the indictment charge that the defendants have committed a crime by allowing the corporate defendant to fail and neglect to cause records to be made "of the purchase of pieces of fabric."

■ Nowhere in the Wool Products Labeling Act of 1939 is there a requirement that a wool manufacturer keep a record of pieces of fabric purchased by it. The act does provide, in § 6 (15 U.S.C.A. § 68d), that wool manufacturers shall keep and preserve certain records when required to do so by rules and regulations of the Federal Trade Commission. Rule 31, issued by the Federal Trade Commission (16 C.F.R. § 300.31) provides that the manufacturer shall keep records which will show the purchase, receipt or use by such manufacturer of all fabric yarn, or fabric, or fibrous material introduced in or made part of any such wool product, together with the name and address of the person or persons from whom the materials are purchased or obtained by the manufacturer.

That such records were required to be kept by regulations of the Federal Trade Commission, issued under the provisions of the act, seems to be apparent. However, this raises the question of whether failure to keep such records "of the purchase of pieces of fabric" as specified in the indictment constitutes a crime. The Wool Labeling Act of 1939 had in § 10 (15 U.S.C.A. § 68h) a statement as to the criminal penalties. This section does not provide for any penalty for a violation of § 6 of the act (15 U.S.C.A. § 68d). The reason for this omission becomes apparent when you examine § 6. Section 6 of the act provides that any manufacturer who neglects or refuses to maintain and preserve such records "shall forfeit to the United States the sum of $100 for each day of such failure, which shall accrue to the United States and be recoverable in a civil action." In other words, the act distinguishes between criminal penalties for violating certain sections of the act and civil penalties which are recoverable for violation of § 6 of the act.

The indictment herein charges a violation of § 6 of the act. This does not carry with it any criminal penalty but specifically provides for a civil penalty. Under the circumstances counts 9 to 55 of the indictment allege matters for which the Government's remedy is limited to a civil penalty. They do not allege matters for which a criminal penalty has been provided. The motion to dismiss these counts of the indictment should therefore be granted.

■ The Government urges that irrespective of whether the indictment alleges a violation of § 6 of the Wool Products Labeling Act of 1939, it certainly alleges a violation of § 10 of the Federal Trade Commission Act (15 U.S.C.A. § 50). That act makes it a crime to fail to make full, true and correct

entries in the accounts, records and memoranda of a corporation of "all facts and transactions appertaining to the business of such corporation." We are here dealing, however, with a specific indictment which relates to a failure to cause records to be made of "the purchase of pieces of fabric." This is a record required under the Wool Products Labeling Act of 1939 and the regulations issued thereunder. To attempt to apply the criminal penalty provided in the Federal Trade Commission Act, enacted for an entirely different purpose, would be to import a criminal penalty which does not seem to have been designed for such violations of the Wool Products Labeling Act. In applying the criminal law, the Court should be careful to restrict criminal penalties to the particular offenses defined by Congress and not allow the Government to assert penalties which might be derived from the generalities of some other act which has little, if anything, to do with the particular offense involved.[1]

Counts 1 through 8 of the indictment allege that the defendants unlawfully, wilfully and knowingly manufactured, delivered for shipment, shipped, sold and offered for sale in interstate commerce certain misbranded wool products. The several counts allege the dates, the items, the consignee and the actual composition of the articles.

Section 3 of the Wool Products Labeling Act of 1939 (15 U.S.C.A. § 68a) makes the introduction or manufacture for introduction or the sale, transportation or distribution of any wool product which is misbranded unlawful. Section 10 of the act (15 U.S.C.A. § 68h) makes a violation of Section 3 of the act a misdemeanor and provides a criminal penalty therefor. These counts of the indictment, therefore, on their face, charge a criminal offense.

The defendants urge, however, that these counts are duplicitous within the meaning of the decisions in United States v. Universal C. I. T. Credit Corp., 1952, 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260, and United States v. Personal Finance Co., D.C.S.D.N.Y.1959, 174 F. Supp. 871, and have moved for an order dismissing them on that ground. The offense charged in count 1 is merely repeated in counts 2 through 8, with differences in the dates, consignees and composition of the products.

Duplicitous informations and indictments were considered by the Supreme Court in United States v. Universal C. I. T. Credit Corp., supra, affirming D.C. W.D.Mo.1952, 102 F.Supp. 179. That case involved violations of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., minimum wage, overtime and record keeping provisions. Of the thirty-two counts in the information, all but three, one for violation of each section considered, were dismissed. The Supreme Court affirmed the lower court's finding that a course of conduct, rather than separate items making up that course, constituted the punishable offense. The Court said:

" * * * the statute * * * treats as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse,' a conception recognized by this Court in the Blockburger case [Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] * * *. Merely to illustrate, without attempting to rule on specific situations: A wholly unjustifiable managerial decision that a certain activity was not work and therefore did not require compensation under F.L.S.A. standards cannot be turned into a multiplicity

1. "But when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language clear and definite.

We should not derive criminal outlawry from some ambiguous implication." United States v. Universal C. I. T. Credit Corp., 1952, 344 U.S. 218, at page 221, 73 S.Ct. 227, at page 229, 97 L.Ed. 260.

of offenses by considering each underpayment in a single week or to a single employee as a separate offense." 344 U.S. at page 224, 73 S.Ct. at page 231.

Thus a course of conduct was found to be the punishable offense, despite the fact that the Fair Labor Standards Act was framed in terms of singular offenses.

C.I.T. was reconsidered by the Supreme Court in Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 622, 99 L.Ed. 905. The Mann Act, 18 U.S.C.A. § 2421, imposed a fine on anyone who "knowingly transports in interstate or foreign commerce * * * any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose. * * *" The defendant had been convicted on two separate counts for transporting two women on a single occasion. In reversing the District and Circuit Courts, Justice Frankfurter said:

" * * * When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution * * *. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. * * * It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses * * *." 349 U.S. at page 84, 75 S.Ct. at page 622.

This court followed the C.I.T. case in United States v. Personal Finance Com-

pany, D.C.S.D.N.Y.1959, 174 F.Supp. 871. Two hundred counts charged three forms of unlawful extension of credit. Once more the relevant statute was framed in "singulars."[2] Despite the use of singular language, the court concluded that the course of conduct, rather than individual acts must be the unit of prosecution. Accordingly all but three counts were dismissed.

These cases were decided in light of In re Snow, 1887, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 and Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 where the distinction between individual act offenses and offenses continuous in character was considered. The Blockburger Court reasoned:

"[In In re Snow] * * * it was held that the offense of cohabiting with more than one woman * * * was a continuous offense * * * The court said (pages 281, 286 of 120 U.S., 7 S.Ct. 556, 559, 30 L.Ed. 658):

" 'It is, inherently, a continuous offence, having duration; and not an offense consisting of an isolated act. * * *'

" * * * The distinction stated by Mr. Wharton is that 'when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.' Wharton's Criminal Law, 11th ed., § 34. Or, as stated in note 3 to that section, 'The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately * * * If the latter, there can be but ' one penalty.' "

2. E. g., Section 4 of Regulation W required each installment loan to comply with principal amount and maturity requirement. Section 4(d) provided that

"no registrant" shall make "any installment loan" without accepting in good faith a signed statement of the borrower.

284 U.S. at page 302, 52 S.Ct. at page 181.

Cf. Ebeling v. Morgan, 1915, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151.

■ Sections 68a and 68b declare misbranding of woolen products to be unlawful. The decision to mark ladies' coats "100% Cashmere" is a managerial one. First it is resolved that the unlawful action be taken. Thereafter all garments are marked with a label reading "100% Cashmere." No separate decision to violate the law is made in regard to each individual garment. Rather the action is taken as a result of a single impulse. The misbranding sections of the Wool Products Labeling Act declare unlawful a course of conduct, i. e., the misbranding of woolen products. The course of action is prohibited. Each offense does not therefore constitute a separate punishable crime.

■ Interpretation of the statute as prohibiting a course of conduct is further strengthened by the fact that this is a criminal statute. Congress could easily have specified that each act would be a separate violation. They did not choose to do so. Criminal statutes must be strictly interpreted. United States v. Resnick, 1936, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127; United States v. Alpers, 1950, 338 U.S. 680, 681, 70 S.Ct. 352, 94 L.Ed. 457. Where two alternatives are available the Court may not choose the harsher reading without clear and definite language in the statute. Bell v. United States, 1955, 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905; United States v. Universal C. I. T. Credit Corp., supra, 344 U.S. at page 222, 73 S.Ct. at page 229.

The Court concludes that counts 2 through 8 of the indictment are duplicitous of count 1. Such counts are, therefore, under the authority hereinabove set forth, dismissed. Counts 9 through 55 are dismissed for failure to allege a crime under the provisions of the statute.

So ordered.