**UNITED STATES of America**
v.
**George ROBBINS, Defendant.**

United States District Court
S. D. New York.
Oct. 29, 1963.

Robert M. Morgenthau, U. S. Atty., New York City, for United States, Peter K. Leisure, New York City, of counsel.

Corcoran, Kostelanetz & Gladstone, New York City, for defendant, Boris Kostelanetz, Jules Ritholz, New York City, of counsel.

McLEAN, District Judge.

Defendant has moved to dismiss counts 2 through 10 of this ten-count information on the ground that they do not state an offense because they are merely duplicitous of the initial count. The essential allegations of the information are as follows:

Paragraph 1 alleges that "on or about the date hereinafter alleged," defendant, to obtain a payment "in the amount hereinafter alleged under the Temporary Extended Unemployment Compensation Act of 1961" (42 U.S.C. Chapter 7A), wilfully made "false statements" in that he stated "in a Continued Interstate Claim form" that he did not earn wages or receive commissions "during particular periods hereinafter alleged," whereas in fact he did earn wages and receive commissions "during said periods."

Paragraph 2 states that "the allegations contained in Paragraph '1' are realleged for Counts 1 through 10 of this information inclusive." There follows a schedule containing five columns headed respectively, "count," "date of false

statement," "period to which claim related," "number of days in period claimed as days of unemployment," and "amount of benefits obtained." The closing date of the "period to which claim related" in Count 1 is the day before the opening date of the period in Count 2 and so on throughout the schedule, so that the ten counts taken together cover an unbroken period beginning in Count 1 on February 25, 1962 and ending in Count 10 on May 5, 1962.

The government's bill of particulars states in Item "11":

"Defendant made two separate false statements on each claim form submitted."

The bill further states in Item "9":

"The nature of the false statements and false representations made by defendant was the same for the periods in question, but each false statement and false representation was made on separate and different claim forms."

The government's further bill of particulars states:

"On ten separate Continued Interstate Claims, the defendant, George Robbins, indicated that (1) he did not work or earn wages of any kind; and (2) he did not receive income in the form of commission payments."

As far as the construction of the information is concerned, it is clear that the government charges that defendant filed ten separate claim forms, each of which contained false statements, and that the filing of each claim form constituted a separate offense. Defendant's position is that the statute prohibits a course of conduct, i. e., the obtaining of unemployment benefits by means of false representation, and that hence there can be only one offense, no matter how many false claim forms were filed.

In a case involving a similar motion addressed to all counts but one of an indictment in which the counts were set forth in schedule form, as they are here, the Court of Appeals has recently held

that the district judge erred in dismissing the indictment. United States v. Ketchum, 320 F.2d 3 (2d Cir. 1963).

The court held that even if the statute there under consideration prohibited only a single course of conduct, a question which the court did not decide, the indictment should not have been dismissed because the indictment may be cast "in several counts whether the body of facts upon which the indictment is based gives rise to only one criminal offense or to more than one." The court took the quoted language from United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952). The court went on to say that the defendant's remedy in such a situation is to move at the trial to require the government to elect among the several counts.

This decision is controlling here unless, as defendant urges, the present case is distinguishable because the charge is contained in an information rather than an indictment. No such distinction was mentioned by the Court of Appeals in Ketchum or by the Supreme Court in Universal C. I. T. Credit Corp. It is true, however, that in Universal C. I. T. Credit Corp. the Supreme Court affirmed an order of the district court which dismissed various counts of an information. The actual holding of the case, therefore, supports defendant's contention that dismissal is proper when an information is duplicitous.

■ If the question were an open one, I would apply here the rule laid down in Ketchum, for I am not persuaded that there is any significant difference between an indictment and an information as far as the present question is concerned. In view of the holding in Universal C. I. T. Credit Corp., however, I am compelled to conclude that the question is not open in this court and that, regardless of the rule with respect to an indictment, a duplicitous information may be dismissed.

I pass, therefore, to a consideration of the merits of this motion. Is the present

information duplicitous? The answer depends upon the construction to be given to the statute, 42 U.S.C. § 1400s(a), which provides:

"Whoever makes a false statement or representation of a material fact knowing it to be false, or knowingly fails to disclose a material fact, to obtain or increase for himself or for any other individual any payment under this subchapter shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

The legislative history of this statute, as far as my research has disclosed, is of no assistance in determining whether Congress intended to make each false claim a separate offense. No judicial decision on the subject has been discovered. I am thus forced to choose between competing lines of authority which have construed other statutes. Is this statute like the Harrison Narcotics Act under which each sale of narcotics is a separate crime (Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), or is it like the Fair Labor Standards Act under which the course of conduct of paying one's employees less than the required minimum wages constitutes the offense, regardless of the number of employees or payments involved (United States v. Universal C. I. T. Credit Corp., supra)? In my opinion the analogy to the Narcotics Act is the better one and thus the Blockburger rule should be followed here. If, as the court in that case indicated, the existence of a separate "criminal impulse" is to be the test, it would seem that each time a defendant files a false claim for unemployment benefits, he is activated by a new criminal impulse. This would be readily apparent if there were a substantial time interval between the respective claims. It is no less true merely because the present defendant allegedly filed a new claim as soon as the payments had stopped under the previous one. Each time he filed a claim he made a new false statement. The fact that the new statement was similar in character to the old one is immaterial. I can see no difference between this situation and separate sales of similar narcotics made in rapid succession to the same buyer.

The cases holding that separate bribes to the same union official in violation of the Taft-Hartley Act constitute separate offenses are also in point. United States v. Alaimo, 297 F.2d 604 (3rd Cir. 1961); United States v. Tolub, 309 F.2d 286 (2d Cir. 1962).

The Fair Labor Standards Act, on the other hand, more readily lends itself to the construction that a defendant's decision to pay less than the required minimum wages to his employees is a single decision springing from a single impulse and therefore a single offense which cannot be converted into many offenses merely because many payments are made. The present case would be analogous to this if the government were here to charge that each payment of unemployment compensation made pursuant to a single claim constituted a separate crime. That is not what this information alleges.

The Wool Products Labeling Act involved in United States v. Woody Fashions, Inc., 190 F.Supp. 709 (S.D.N.Y. 1961), is similar to the Fair Labor Standards Act in that a decision by a manufacturer to misbrand his products stems from a single impulse, although pursuant to that decision many different products may be misbranded. Therefore, the holding in Woody Fashions, Inc. that the counts were duplicitous does not affect my conclusion here.

■ I hold that under 42 U.S.C. § 1400s(a) each filing of a false claim for unemployment compensation constitutes a separate offense. It follows that the present information is not duplicitous. The motion to dismiss is denied.

So ordered.