**Eddie McGEE, Plaintiff,**

v.

**Wilbur J. SCHMIDT, Secretary, Wisconsin Department of Health and Social Services, et al., Defendants.**

**No. 72–C–408.**

United States District Court,
W. D. Wisconsin.

March 5, 1976.

Eddie McGee, pro se.

Bronson C. La Follette, Atty. Gen. by James H. Petersen, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION and ORDER

JAMES E. DOYLE, District Judge.

 This is a civil action for injunctive and declaratory relief from an alleged denial of due process of law and equal protection of the laws worked by certain features of the laws of Wisconsin relating to eligibility for parole and the bearing of good time credits on parole eligibility. I note the jurisdictional defect in asserting via an aetion under 42 U.S.C. § 1983 (1970) that failure to take certain good time credits into account in fixing a prisoner's parole eligibility will in the future cause him to be physically confined unlawfully. *See Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In view of my disposition of the merits of this action and the amount of time that has elapsed since the case was first filed, I will not base this decision on the jurisdictional issue.

 Defendants have moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. However, the time fixed by the briefing schedule for the filing of briefs and Rule 56(c) materials in support of and in opposition to the motion for summary judgment has passed unobserved. Therefore, the record upon which this motion must be resolved consists of the complaint, the answer, and defendant's motion for summary judgment. Since the record contains no Rule 56(c) materials except those allegations of the complaint which have been admitted by the answer, I will treat this as a motion to dismiss for failure to state a claim. In addition, I will take judicial notice of the Wisconsin statutes which form the essential ingredients of plaintiff's attack on the statutory scheme. *See* F.R.Ev. Rule 201(c).

The laws of Wisconsin provide two types of good time which a prisoner may earn toward the reduction of his sentence. Wis.Stat. § 53.11 (1973) provides that an "inmate who shall conduct himself in a proper manner and perform all the duties required of him shall be entitled to good time" at an escalating rate ranging from one month for the first year of his sentence to six months per year after the fifth year. Wis.Stat. § 53.12 (1973) awards one day of good time to an inmate for each six days that his "diligence in labor or study surpasses the general average. . . ."

By virtue of Wis.Stat. § 57.06(1)(a) (1973), Wisconsin prisoners become eligible for parole according to the following schedule: at any time if no minimum sentence is prescribed for the crime for which the inmate is incarcerated; after serving one-half of the minimum sentence if a minimum sentence is provided for the inmate's crime; and after twenty

years if the inmate is sentenced to a life term. Good time earned pursuant to § 53.11 advances the prisoner's eligibility for parole by the number of days of good time earned, but good time earned pursuant to § 53.12 does not ordinarily advance eligibility for parole, with one exception to be noted below. The first prong of plaintiff's due process and equal protection attack is based on a disparity he perceives between the parole eligibility of inmates sentenced to life imprisonment and other inmates under the above schedule.

Wis.Stat. § 161.28(2) (1969), now repealed by Laws 1971, ch. 219, § 16, provided that a person convicted of a third offense of selling drugs to minors was to be imprisoned for from twenty years to life. Unlike the general parole eligibility scheme outlined above, § 161.28(2) required a person convicted of this offense to serve the full minimum sentence before becoming eligible for parole, and it credited such a person with both § 53.11 and § 53.12, good time toward advancing parole eligibility. Therefore, persons sentenced to life imprisonment under § 161.28(2) and others sentenced to life imprisonment under other statutes were identically situated in terms of parole eligibility except that § 53.12 would advance the eligibility of the § 161.28(2) prisoner but not the eligibility of the others. The second prong of plaintiff's equal protection and due process attack is directed against this disparity.

Plaintiff is serving a life term in the Wisconsin State Prison for murder.

■ The cruel and unusual punishments clause of the Eighth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, *Robinson v. California,* 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758, 762 (1962), prohibits punishments which are greatly disproportionate to the offense or to punishments imposed for offenses of like severity. *Weems v. United States,* 217 U.S. 349, 380–81, 30 S.Ct. 544, 554–555, 54 L.Ed. 793, 803–804 (1910). However, beyond enforcing the mandate of the Eighth Amendment, courts will not examine the severity of the punishment prescribed for particular offenses, for "[t]he punishment appropriate for the diverse . . . offenses is a matter for the discretion of [the legislature], subject only to constitutional limitations, more particularly the Eighth Amendment." *Bell v. United States,* 349 U.S. 81, 82, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910 (1955).

The import for plaintiff's claims of the principle that the length of imprisonment assigned by the legislatures or Congress as a sanction for particular offenses is subject to review by the courts only for extreme disproportion is well illustrated by *Warden v. Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974). In that case, a change in the law governing eligibility for parole of persons convicted of a certain federal crime resulted in persons convicted before the change being required to serve longer terms before becoming eligible than offenders who committed their crimes at a later time. Therefore, identical acts leading to conviction on identical charges could result in longer or shorter incarceration depending solely on when the offense was committed. Yet, the Court could find no constitutional infirmity in the statutes. *Id.* at 664, 94 S.Ct. at 2538, 41 L.Ed.2d at 392.

■ The wisdom of this approach appears clearly in plaintiff's attack on the difference between the methods by which eligibility for parole of persons sentenced to life and lesser terms is determined. The minimum sentence in Wisconsin for first-degree murder is life imprisonment. Wis.Stat. § 940.01 (1973). To equalize the treatment accorded those sentenced to life and lesser terms, it would be necessary to determine the precise duration of a life sentence so that it could be halved to find the prisoner's parole eligibility date. Perhaps this could be done on an actuarial basis, making each offender's minimum period of incarceration differ according to his age when sentenced, but neither the due process clause nor the equal protection clause of the Fourteenth Amendment re-

quires the legislature to choose this form of arbitrariness over the arbitrariness of which plaintiff complains.

 Nor is plaintiff's challenge well taken insofar as it is based on the availability of § 53.12 good time to advance the parole eligibility of § 161.28(2) offenders but not other offenders. Drug dealing and murder are different offenses; the legislature does not offend the Eighth Amendment by treating them differently.

### ORDER

It is HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.