**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Gary Michael CALLIHAN,
Defendant-Appellant.**

**No. 80–1223.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1981.

Decided Jan. 25, 1982.

Jim Barber, Salt Lake City, Utah, for defendant-appellant.

Edward R. J. Kane, Asst. U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before MERRILL, KENNEDY, Circuit Judges, and KING,* Chief District Judge.

SAMUEL P. KING, Chief District Judge:

Appellant was convicted of three counts of wire fraud, 18 U.S.C. § 1343 (Counts I through III), four counts of transporting in interstate commerce fraudulently obtained credit cards, 15 U.S.C. § 1644(b) (Counts IV through VII), one count of using an instrumentality of interstate commerce to transport fraudulently obtained credit cards, 15 U.S.C. § 1644(c) (Count VIII), and two counts of transporting in interstate commerce securities or money obtained by fraud, 18 U.S.C. § 2314 (Counts IX and X). He was sentenced to three-year consecutive terms on Counts I and IV, and to three-year terms on each of the remaining counts to run concurrently with the sentences on Counts I and IV.

Appellant challenges his conviction on the section 1644 counts, claiming that his acts did not fall within the ambit of the statute. Further, appellant claims that his conviction on all counts should be overturned due to prosecutorial misconduct and insufficient evidence.

Upon review of the record, we have determined that appellant's challenges based upon prosecutorial misconduct and insufficient evidence are without merit.[1]

Appellant's argument that his conviction on the credit card counts must be overturned, however, presents this court with a question of first impression regarding the interpretation of section 1644.

Counts IV through VII of the indictment charged appellant with violations of 15 U.S.C. § 1644(b), which provides:

Whoever, with unlawful or fraudulent intent, transports or attempts or conspires to transport in interstate or foreign commerce a counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained *credit card* knowing the same to be counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained; .... shall be fined not more than $10,000 or imprisoned not more than 10 years, or both. (Emphasis added.)

Count VIII of the indictment charged appellant with having violated 15 U.S.C. § 1644(c), which provides:

Whoever, with unlawful or fraudulent intent, uses any instrumentality of interstate or foreign commerce to sell or transport a counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained *credit card* knowing the same to be counterfeit, fictitious, altered, forged, lost, stolen, or fraudulently obtained; .... shall be fined not more than $10,000 or imprisoned not more than 10 years, or both. (Emphasis added.)

The conduct of appellant that was alleged to be in violation of these sections was communicating by telephone between Spokane, Washington and Reno, Nevada fraudulently obtained credit card account numbers. It was never alleged that appellant transported credit cards themselves. The gist of appellant's argument on appeal is that section 1644 refers only to credit cards themselves and not to account numbers.

We agree with appellant that credit card account numbers are not the same as credit cards and accordingly reverse his conviction on Counts IV through VIII.

First, it is fundamental that in construing criminal statutes ambiguities as to the

---

* Honorable Samuel P. King, Chief United States District Judge, District of Hawaii, sitting by designation.

1. Appellant argues that his trial was tainted by prosecutorial misconduct during the direct examination of one McQuade. Suffice it to say that appellant's argument is negatived by the record, which contrary to appellant's assertion indicates clearly that the jury was instructed to disregard all the objectionable examination and testimony.

scope or coverage of the statute are to be resolved "in favor of lenity." *Dunn v. United States,* 442 U.S. 100, 112, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743 (1979). Thus, even were section 1644 to be found ambiguous, there is ample reason to find that it applies exclusively to the transportation of credit cards. We find no ambiguities in section 1644. On the contrary, the Congress appears to have said precisely what it meant to say. Had it meant to include within the ambit of the statute the transportation of credit card account numbers, it could have said so. Another longstanding rule of statutory construction prescribes that specific terms used by the Congress are to be given their common-sense, ordinary usage absent some indication to the contrary. *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).

In addition, a narrow reading of the term "credit card" is indicated by the fact that the Congress has already provided for the fraudulent use of credit card account *numbers* in the statutes prohibiting wire and mail fraud. 18 U.S.C. §§ 1343, 1341. To leave credit card account numbers out of section 1644 would not leave their abuse unpunished. In fact, appellant himself was convicted under section 1343 for the very transaction that engendered this appeal.

■ Appellee's argument that a credit card is not itself the credit account, but merely evidence of one, misses the point. Section 1644, *by its plain language*, was intended to cover credit cards and not accounts. Moreover, it is eminently logical to suppose that Congress intended to protect credit accounts by protecting the credit cards that are the principal instruments of their use.

Appellee's attempt to stand on the authority of *United States v. Lomax,* 598 F.2d 582 (10th Cir. 1979), is also unfounded. *Lomax* involved section 1644(a), which deals with "transaction[s] affecting interstate ... commerce." In addition, the defendant in that case had in fact been in possession of a stolen credit card. *Lomax* is clearly distinguishable from the present case.

■ We hold, therefore, that the term "credit card" as used in section 1644 means the small, flat tablet upon which a credit card account number is imprinted, but does not mean that number alone. Consequently, appellant's conduct could not have fallen within the scope of the statute, and his conviction for its violation cannot stand.

■■ Finally, we find, contrary to appellee's argument, that the concurrent sentence doctrine does not apply to this case because appellant's sentence is reduced from a total of six years to three years owing to our reversal of the conviction on Count IV. The three-year sentence on Count I remaining, the sentences on Counts II, III, IX, and X will run concurrently with Count I. In any case, the Supreme Court has held that "there is no jurisdictional bar to consideration of challenges to multiple convictions, even though concurrent sentences were imposed" and that the decision whether to hear a challenge in such cases is a matter for the appellate court's discretion. *Benton v. Maryland,* 395 U.S. 784, 791, 89 S.Ct. 2056, 2060, 23 L.Ed.2d 707 (1968).

REVERSED IN PART and AFFIRMED IN PART.