BELL *v.* UNITED STATES.

No. 468.   Argued April 21, 1955.—Decided May 9, 1955.

*James R. Browning,* acting under appointment by the Court, 348 U. S. 924, argued the cause and filed a brief for petitioner.

*Charles F. Barber* argued the cause for the United States. With him on the brief were *Solicitor General Sobeloff, Assistant Attorney General Olney, Beatrice Rosenberg* and *Carl H. Imlay.*

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

Once more it becomes necessary to determine "What Congress has made the allowable unit of prosecution," *United States* v. *Universal C. I. T. Credit Corp.,* 344 U. S. 218, 221, under a statute which does not explicitly give the answer. This recurring problem now arises under

what is familiarly known as the Mann Act. The relevant provisions of the Act in its present form are:

"Whoever knowingly transports in interstate or foreign commerce . . . any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose . . . .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both." § 2 of the Act of June 25, 1910, 36 Stat. 825, now 18 U. S. C. § 2421.

The facts need not detain us long. Petitioner pleaded guilty to violations laid in two counts, each referring to a different woman. Concededly, the petitioner transported the two women on the same trip and in the same vehicle. This was the basis of his claim that he committed only a single offense and could not be subjected to cumulative punishment under the two counts. The District Court rejected this conception of the statute and sentenced the petitioner to consecutive terms of two years and six months on each of the two counts. On appeal from denial of a motion to correct the sentence, the Court of Appeals affirmed the District Court. "While the act of transportation was a single one," it ruled, "the unlawful purpose must of necessity have been selective and personal as to each of the women involved. . . . We therefore believe that two separate offenses were committed in this case." 213 F. 2d 629, 630. This decision was in accord with decisions of other lower federal courts, but a contrary holding by the Court of Appeals for the Tenth Circuit, in *Robinson* v. *United States,* 143 F. 2d 276, raised a square conflict for settlement by this Court. This led us to bring the case here. 348 U. S. 895.

The punishment appropriate for the diverse federal offenses is a matter for the discretion of Congress, subject only to constitutional limitations, more particularly the Eighth Amendment. Congress could no doubt make the simultaneous transportation of more than one woman in

violation of the Mann Act liable to cumulative punishment for each woman so transported. The question is: did it do so? It has not done so in words in the provisions defining the crime and fixing its punishment. Nor is guiding light afforded by the statute in its entirety or by any controlling gloss. The constitutional basis of the statute is the withdrawal of "the facility of interstate transportation," *Hoke* v. *United States,* 227 U. S. 308, 322, though, to be sure, the power was exercised in aid of social morality. Again, it will not promote guiding analysis to indulge in what might be called the color-matching of prior decisions concerned with "the unit of prosecution" in order to determine how near to, or how far from, the problem under this statute the answers are that have been given under other statutes.

It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions. About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal

code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes.

*Reversed.*

MR. JUSTICE MINTON, with whom THE CHIEF JUSTICE and MR. JUSTICE REED join, dissenting.

The statute does not seem ambiguous to me. Congress made it clear enough for me to understand that it was trying to help the States as far as it could to stamp out the degradation and debauchery of women by punishing those who engaged in using them for prostitution. The only way Congress could do that was to make it unlawful to use the channels of commerce to transport them. The statute provides that,

> "Whoever knowingly transports in interstate or foreign commerce . . . any woman or girl for the purpose of prostitution . . . .
>
> "Shall be fined not more than $5,000 or imprisoned not more than five years, or both." 36 Stat. 825, 18 U. S. C. § 2421.

To me the statute means that to transport one or more women or girls in commerce constitutes a separate offense as to each one. Congress had as its purpose the protection of the individual woman or girl from exploitation, and the transportation of each female was to be punished. It was not concerned with protection of the means of transportation. Surely it did not intend to make it easier if one transported females by the bus load. A construction of the statute that reaches that result does violence to its plain wording. That is what the District Court thought, that is what the Court of Appeals thought, and with that I agree, and would affirm.