No. 71–5547.  McCRAY *v.* UNITED STATES.  C. A. 10th Cir.  Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner was found guilty of five violations of the Mann Act and sentenced to a total of 10 years—some of the sentences being consecutive and some concurrent. There is no doubt that petitioner transported the same woman to various cities over a period of a year for prostitution.  There were five counts, two of which charged transportation in commerce of the named woman between designated cities for the purpose of prostitution. Each was an offense under 18 U. S. C. § 2421, which provides a fine of $5,000 or five years in prison, or both.[1]

[1] Section 2421 provides:

"Whoever knowingly transports in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to be-

Three of the five counts charged that petitioner persuaded, induced, enticed, or coerced this same woman "to go from one place to another" in interstate commerce for the purpose of prostitution, each count charging an offense under 18 U. S. C. § 2422 which carries a fine of $5,000 or five years in prison, or both.[2]

As a matter of semantics there is an offense under § 2421 whenever a person "transports" a woman for the illegal purpose and there is one under § 2422 when a

come a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or

"Whoever knowingly procures or obtains any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to debauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States—

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

[2] Section 2422 provides:

"Whoever knowingly persuades, induces, entices, or coerces any woman or girl to go from one place to another in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery, or any other immoral practice, whether with or without her consent, and thereby knowingly causes such woman or girl to go and to be carried or transported as a passenger upon the line or route of any common carrier or carriers in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

person "induces" a woman to move interstate for the purpose of prostitution. The two sections seem complementary. But there are two substantial questions:

*First,* can § 2422 be fragmented into a series of acts, each being described as an inducement to the same woman to move interstate to live the life of a prostitute? Or within the meaning of the Act is she "induced" only once in the series?

*Second,* where, as here, petitioner and the woman move around the country in one continuous enterprise, is there a separate offense each time they cross a state line?

In *Bell* v. *United States,* 349 U. S. 81, we held that where a man for purposes of prostitution took two women across a state line on the same trip and in the same vehicle, he committed only a single offense. We said:

> "When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." *Id.,* at 83.

A man who induces a woman to go on a prostitution tour certainly violates the Act. But what kind of inducement fits the Act? Here this woman, a divorcee, merely got instruction from petitioner as to how to work a cocktail lounge and bar. The legislative history of the Act shows a purpose "to prevent panderers and procurers from compelling . . . women and girls against their will and desire to enter and continue in a life of prostitution." S. Rep. No. 886, 61st Cong., 2d Sess., 10 (1910). It was supposed to reach those "who, by means of force and restraint, compel their victims to practice prostitution." *Id.,* at 11. Examples were given of the use of "[l]iquor, trickery, deceit, fraud and the use of force" by a procurer "to place the girl under his power." *Ibid.* For maintaining a regime of prostitution, the Report said,

"the procurer has [*sic*] resort to physical violence and the maintenance of a system of surveillance which makes her, to all intents and purposes, a prisoner." *Id.*, at 12. There was no such force or compulsion in the present case.

The Report makes plain that the Act "does not attempt to regulate the practice of voluntary prostitution" or to displace any laws of the States. *Id.*, at 10.

Since at best this case is a marginal one, should not the Act be strictly, not loosely, construed? Since petitioner and the woman (plus petitioner's wife) were on a year's tour, do the offenses multiply every time a state line is crossed or should the enterprise be considered as one entity? Or, where there is but one inducement, is there not, so far as § 2422 is concerned, but one offense?

These are questions on which we should have briefs and argument.

The Court has not been consistent in its approach to this Act, as a comparison of *Caminetti* v. *United States,* 242 U. S. 470, with *Bell* v. *United States, supra,* makes plain. The present case of voluntary prostitution is an appropriate vehicle for a re-examination of the judicial decisions in this area.