COWART, Judge,
dissenting:
The trial judge read section 228.091(1), Florida Statutes, to mean that every student of a public school is within the class of persons described in subparagraph (l)(a)l. to be excluded from the application of that trespass statute. The majority opinion reads that exclusion to mean that only students enrolled at a particular public school are excluded from persons who can be guilty of trespassing at the school in which they are enrolled. Each of the subpara-graphed groups of exclusions in the statute are separate, independent and in the disjunctive. As “a student” of “a public. school,” appellee is within the class of persons excluded by subparagraph (l)(a)l. That subparagraph nowhere refers to an “enrolled” student. To find that word the majority opinion goes to subparagraph *638 (l)(a)3. which relates to, and excludes, parents, guardians and legal custodians of “enrolled” students.
As written, this statute is reasonably capable of being read and understood in two possible senses — that taken by the trial judge and that taken by the majority opinion — and it is, therefore, ambiguous. However, the legal point is not which of the two meanings was intended by the legislature. This is not one of the more common situations where a court properly construes an ambiguous statute to determine the true intent[1] of the legislature. This is a penal statute. The correct and applicable rule of law is that penal statutes must be strictly construed and any ambiguity resolved in favor of the accused.[2] When a criminal statute is ambiguous, and under one meaning it applies to the defendant or his conduct and under the other meaning it does not, the proper resolution of the legal problem is not for the appellate court to construe or interpret the statute and explain the rationale for its adoption of the second, more harsh, meaning but to declare the statute to be ambiguous and hold that, for that reason alone, the statute must be applied in accordance with the meaning most favorable to the accused. This is what the trial judge correctly did in this case and he should be affirmed. If the legislature desires the more severe of the two possible meanings or applications of the statute, it should revise the statute to remove the ambiguity and to make its intent clear. Passed in 1968 and stuck away in a chapter of general provisions involving Public Education, this is doubtless one of the most poorly worded of any Florida criminal statute. It is ambiguous in many details and should be fully revised and its meaning made clear by the legislature, not by judicial construction and opinion.

. By this statute the legislature may have intended for it to be a crime for any school student to merely aimlessly step upon the grounds of a public school at which the student is not enrolled. But then again the legislature may not have intended this result. Traditionally, school children have been free to play on public school grounds after school hours, on weekends and during the summer school vacation, the same as if they were public parks. Furthermore, usually trespasses to land are not made criminal unless committed for some specific wrongful purpose or after at least one warning. See e.g., §§ 228.09 l(2)(b)2., 810.08(1) and 810.09(1) and (2)(b), Fla.Stat. By the vague, confusing, ambiguous, overbroad language in this statute, has the legislature clearly indicated an intent to make such conduct criminal?

. Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). See also Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952); United States v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); Ex parte Amos, 93 Fla. 5, 112 So. 289 (1927); Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 So. 595 (1917).