ROBERT D. ZAPF, District Attorney Kenosha County
Recently the Kenosha County sheriff's department investigated and arrested an individual for first-degree murder and arson. As a result of this investigation, $133,405 was seized from the defendant and the residence of the deceased as proceeds of drug dealings. Your office could have sought forfeiture of this money under state law, but instead joined forces with the United States to pursue forfeiture under federal law. Upon application, $100,054 of this money was transferred to your sheriff. This amount reflected that agency's help leading to the seizure and forfeiture of that property. You ask whether this sum must be deposited in the state school fund. My answer is no.
Article X, section 2 of the Wisconsin Constitution requires that "all moneys and the clear proceeds of all property that may accrue to the state by forfeiture" be deposited in the state school fund.
The Comprehensive Crime Control Act provides for the federal forfeiture of all moneys "furnished by any person in exchange for a controlled substance in violation of this title [and] all proceeds traceable to such an exchange . . . ." 21 U.S.C. § 881
(a)(6) (1984). Property forfeited under this subchapter may be transferred to local agencies to reflect their contribution in the acts leading to the seizure or forfeiture of such property. 21 U.S.C. § 881 (e) (1984).
"[I]n any case concerning the interpretation of a statute the `starting point' must be the language of the statute itself."Lewis v. United States, 445 U.S. 55, 60 (1980). Legislative purpose is expressed by the ordinary meaning of the words used.United States v. Rodgers, 104 S.Ct. 1942, 1946 (1984). Statutes should be read "with the saving grace of common sense." Bell v.United States, 349 U.S. 81, 83 (1955). In the absence of a showing to the contrary, laws are presumed to be consistent with each other. In the construction of statutes, it is the duty of the court "to harmonize and reconcile laws, and to adopt that construction of a statutory provision *Page 210 
which harmonizes and reconciles it with other statutory provisions." 73 Am. Jur. 2d Statutes § 254 at 425 (1974).
Looking at article X, section 2 and the applicable federal statutes, and giving their words their ordinary meaning, leads to the conclusion that the situation you have described was a federal forfeiture.
Since the sum in question resulted from a federal forfeiture action, it need not be deposited in the school fund. Obviously, that would not be the case if this money came from a state forfeiture under section 161.555 or section 973.075 (4), Stats.
Because the federal statute and the Wisconsin Constitution can be harmonized, I see no ethical problems in choosing one of two perfectly legal alternatives.
DJH:MDB *Page 211