UNITED STATES of America, Plaintiff,

v.

John Robert JOHNSON, Defendant.

No. 91–8064–CR.

United States District Court,
S.D. Florida.

June 2, 1993.

Lynn Rosenthal, Asst. U.S. Atty., Fort Lauderdale, FL, for plaintiff.

Fletcher Peacock, Asst. Federal Public Defender, Fort Lauderdale, FL, for defendant.

### ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court sua sponte. It is the purpose of this order for this Court to explain more specifically its ruling made in open court on April 16, 1993 wherein this Court granted the Defendant's Objection To Sentencing Enhancement (DE 51). In making this ruling, this Court carefully reviewed the entire record herein.

## DISCUSSION

The question before this Court is whether the Defendant's conviction for cocaine conspiracy in 1990 qualifies him for a sentencing enhancement under Title 18 U.S.C. Section 924(e)(1).

The proper starting place for this analysis is, of course, the plain language of the statute. *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). The text of Section 924(e)(1) reads in pertinent part:

In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

18 U.S.C. § 924(e)(1). Thus, under its express terms, the elements of a 924(e)(1) enhancement are: 1) a "person"; 2) a violation of Section "922(g)" (possession of a firearm by a convicted felon); and 3) "three previous convictions" for a violent felony or serious drug offense. Consequently, if this Court makes a finding as to all three of these elements, then the Defendant qualifies for enhancement under Section 924(e)(1).

In this case, most of the elements are satisfied. The Defendant is obviously a "person" under the provision, and his violation of Section 922(g) remains uncontested. As to the third element of Section 924(e)(1), the Defendant has already conceded that he has two "previous convictions" that qualify under the statute. The Defendant, however, disputes that his conviction for cocaine conspiracy in 1990 constitutes the third predicate.

The Defendant contends that this conviction does not qualify as the third predicate conviction under Section 924(e)(1), because the conviction was not "previous" under the terms of the statute. Even though the Defendant received this conviction prior to either his Section 922(g) guilty plea or his Section 922(g) sentencing, the Defendant notes that the cocaine conviction occurred after he committed the acts which violated Section 922(g). The Defendant asserts that Section 924(e)(1) requires that the predicate convictions occur prior to the conduct underlying the Section 922(g) violation, because the

statute reads: "violates 922(g) ... *and has three previous convictions....*" 18 U.S.C. § 924(e)(1) (emphasis added). Therefore, according to the Defendant, the cocaine conviction is not a "previous" predicate conviction under Section 924(e)(1).

The government, on the other hand, proposes an alternate reading of the statute, and contends that Defendant's third conviction qualifies as a "previous conviction" for enhancement because it occurred prior to this Court's sentencing of the Defendant for his Section 922(g) violation. According to the government, the time of sentencing is the relevant gauge, because sentencing is the point in time at which a court applies the Section 924(e)(1) enhancement.

Thus, whether or not Defendant's conviction for cocaine conspiracy in 1990 constitutes the third predicate conviction under Section 924(e)(1) turns upon the definition of the term "previous". Since neither the Supreme Court nor the Eleventh Circuit has expressly addressed this issue before, this Court shall treat this question as a case of first impression in this circuit.

Under a plain reading of the statute, the term "previous" remains unclear. The ambiguous reference lies in the unanswered question: "previous to what"? Both the Defendant and the Government have proposed answers to this question that are plausible given the text and policy of the statute.

The Defendant's construction comports with the language and intention of the law. In support of the stricter reading of Section 924(e)(1), the Defendant relies upon the words of the statute:

The only event mentioned in the statute to which 'previous' could apply is the violation of 18 U.S.C. § 922(g), more specifically the illegal receipt, possession or transfer of a firearm. If Congress had meant 'previous to sentencing', it had the ability to do so.

(DE 62 at 3–4) Thus, according to the Defendant, "previous" means previous to the conduct that violates Section 922(g).

Relying also upon the statute's legislative history, the Defendant claims that the Congress intended Section 924(e)(1) to be read in

this way. *See,* H.R.Rep. No. 1073, 98th Cong., 2nd Sess. (1984); *See also,* H.R.Conf. Rep. No. 1159, 98th Cong., 2nd Sess. (1984).

On the other hand, the government's interpretation also fits the word and function of Section 924(e)(1). As they explain:

> It should be noted that the language of 924(e) merely requires a violation *'and'* three previous convictions. Had Congress intended 'previous convictions' to mean previous to the commission of the [Section 922(g)] offense it would have stated 'a person who violates Section 922(g) *after* three previous convictions' as opposed to using the word 'and'.

(DE 61 at 5) Indeed, when Congress has intended the narrower application of enhancement in other statutes, Congress has used more explicit language. *See* Title 18 U.S.C. Sections 3575 and 841.

Moreover, the government's broad reading of Section 924(e)(1) reflects more effectively the purpose of an enhancement statute which is to deter habitual offenders, and segregate them from society. *Rummel v. Estelle,* 445 U.S. 263, 284, 100 S.Ct. 1133, 1144, 63 L.Ed.2d 382 (1980). A broad reading does more to foster these goals because it considers all convictions right up to the moment of sentencing.

Given these two plausible readings of Section 924(e)(1), this Court finds that "a reasonable doubt persists" concerning the statute's intended scope. *Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990). Despite this Court's consideration of the plain language and motivating policies of Section 924(e)(1), it seems that Congress has nevertheless left to "the Judiciary the task of imputing" an undeclared will. *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).

Given this ambiguity, this court must reject the government's construction under the rule of lenity. As the Supreme Court has held: "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) (quoting *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971)). "Lenity, the quality of being lenient or merciful, is an application of the common law principle that criminal statutes are to be strictly construed, a rule which 'is perhaps not much less old than construction itself.'" *United States v. Winchester,* 916 F.2d 601, 607 (11th Cir.1990). As the Supreme Court has emphasized, when a "choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) (quoting *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221–222, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952)). This rule applies not only to interpretations of the "substantive ambit of criminal prohibitions, but also to the penalties they impose." *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

The policy behind this canon of construction is based upon sound principles of fairness and judicial restraint. In the words of the Supreme Court:

> This rule of narrow construction is rooted in the concern of the law for individual rights, and in the belief that fair warning should be accorded as to what conduct is criminal and punishable by deprivation of liberty and property.... The rule is also the product of an awareness that legislators and not the courts should define criminal activity.

*Huddleston v. United States,* 415 U.S. 814, 831, 94 S.Ct. 1262, 1271, 39 L.Ed.2d 782 (1974) (quoting *Marcus v. Hess,* 317 U.S. 537, 542, 63 S.Ct. 379, 383, 87 L.Ed. 443 (1943)). Lenity is "an outgrowth of our reluctance to increase or multiply punishments absent a clear and definite legislative directive." *Simpson v. United States,* 435 U.S. 6, 15–16, 98 S.Ct. 909, 915, 55 L.Ed.2d 70 (1978).

Accordingly, if Congress intended to enact the broader reading of Section 924(e), then they should have expressed themselves in clearer terms. This Court declines to legislate crimes, or interpret federal criminal statutes so as to increase the penalty that they place on individuals when such an interpreta-

tion can be based on "no more than a guess as to what Congress intended." *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958)).

Specifically, this Court declines to give persuasive effect to the government's broader interpretation of Section 924(e)(1). Adopting the government's construction would be ill-advised because it would "turn the normal construction of criminal statutes upside-down, replacing the doctrine of lenity with a doctrine of severity." *Crandon v. United States,* 494 U.S. 152, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990). Consequently, this Court finds the Defendant's reading of Section 924(e)(1) to be the appropriate, common sense interpretation of the text.

This Court, however, cannot adopt the Defendant's reading without first examining the ramifications of a recent case in the Supreme Court. In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court, while not expressly addressing the issue before this Court, does present, by implication, a possible modification of Defendant's interpretation of Section 924(e)(1). Even though the relevant portion of the *Taylor* case is merely a small, off-hand remark, this Court deems it proper to consider *Taylor* herein.

In *Taylor,* the Supreme Court discusses the application of Section 924(e) while deciding a legal issue unrelated to the present case. Without explicitly construing the term, the Court seems to use the word "previous" in reference to the Defendant's Section 922(g) guilty plea. In their words, the

> ... petitioner Arthur Lajuane Taylor pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of section 922(g). *At the time of his plea,* Taylor had four prior convictions. One was for robbery, one was for assault, and the other two were for second-degree burglary under Missouri law.

*Taylor,* 495 U.S. at 578, 110 S.Ct. at 2148 (emphasis added). Although this passage is far from dispositive of the issue presently before this Court, the case does support a definition of "previous" that is defined in reference to the finding of guilt under Section 922(g), rather than in reference to the sentencing under Section 924(e)(1).

While undermining the government's focus upon the time of sentencing, this passage also presents a modification of the Defendant's reading. The case suggests a modification because here the word "previous" apparently describes convictions that occur, not only prior to the conduct that violated Section 922(g), but also prior to any adjudication of the Section 922(g) violation; such as a guilty plea. Obviously, this second measuring point expands the number of convictions that might qualify as predicate convictions, because the adjudication of a Section 922(g) violation intrinsically occurs at a later point in time than the conduct that underlines it.

Such an expanded interpretation of "previous" would harmonize this Court's ruling with the *Taylor* phrase. An expanded reading reconciles the *Taylor* language because it adopts a definition of "previous" that refers to all predicate convictions that occur prior to a Defendant's Section 922(g) guilty plea, not just those that occur prior to the Section 922(g) conduct. A modification of this kind would give full effect to the Supreme Court's words: "at the time of his plea" *Id.* at 578, 110 S.Ct. at 2148. This court, however, is not required to modify the stricter reading of the statute.

The rule of lenity should not be disregarded under the authority of dicta. The language in *Taylor* regarding this issue was not a part of the Court's holding. Moreover, the context of the *Taylor* passage seems too casual for this Court to rely upon it in a technical manner. In fact, it is impossible to ascertain in the *Taylor* opinion exactly when each predicate conviction actually occurred, much less that they may have occurred after the conduct underlining the Section 922(g) violation. Given these uncertain circumstances, this Court is reluctant to enhance the Defendant's sentence by deriving "criminal outlawry from some ambiguous implication." *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221–222, 73 S.Ct. 227, 230, 97 L.Ed. 260 (1952).

## CONCLUSION

Since the rule of lenity rests on the fear that expansive judicial interpretations will create penalties not originally intended by the legislature, this Court leaves it for Congress to clearly enact, or perhaps the Supreme Court to expressly interpret, a broader version of Section 924(e)(1). In the meantime, this Court must construe ambiguous criminal statutes under the sound rules of statutory interpretation which "exist to discover, and not direct, the Congressional will." *Huddleston,* 415 U.S. at 814, 94 S.Ct. at 1264. Accordingly, this Court granted the Defendant's objection to sentencing enhancement under Section 924(e).

**DONE AND ORDERED.**