45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Steven THURMAN, Defendant-Appellant.
 No. 94-5064.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Jerry Steven Thurman pleaded guilty to two counts of interstate travel in aid of racketeering, violations of 18 U.S.C.1952(a). The district court sentenced him to the statutory maximum of five years on each count, to run consecutively. Defendant then filed a 28 U.S.C. 2255 motion to vacate, set aside, or correct that sentence, the denial of which was affirmed on appeal. United States v. Thurman, No. 92-5191 (10th Cir. Aug.23, 1993). Defendant then filed a second 2255 motion, arguing that his two convictions should have been treated as a single offense, limiting his sentence to one five-year term under the statutory maximum. He alleged that the imposition of consecutive sentences constitutes double jeopardy and that the rule of lenity should be invoked because of statutory ambiguity. The district court denied relief on the merits, and defendant has filed the appeal now before us.[2]
 
 
 3
 Defendant concedes that the district court correctly calculated his sentencing range under the guidelines at 168-210 months, based upon a total offense level of 30 and criminal history category of VI. U.S.S.G. Ch. 5, Pt. A. We reject defendant's arguments because the guidelines specifically address at 5G1.2(d) how to sentence a defendant convicted on multiple counts when the statutory maximum is less than the sentence that is the minimum of the applicable guideline range, as here.
 
 
 4
 If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.
 
 
 5
 The commentary defines "total punishment" and explains how this section is to be applied.
 
 
 6
 The combined length of the sentences ("total punishment") is determined by the adjusted combined offense level. To the extent possible, the total punishment is to be imposed on each count. Sentences on all counts run concurrently, except as required to achieve the total sentence, or as required by law....
 
 
 7
 Usually, at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count. The sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence. If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.
 
 
 8
 U.S.S.G. 5G1.2(d) comment.
 
 
 9
 Applying the directives of 5G1.2, the district court correctly imposed consecutive sentences in an effort to achieve the total punishment dictated by the Sentencing Guidelines of at least 168 months. It was unable to do that because there were only two counts with five-year maximums, which running consecutively permitted only a total of 120 months incarceration.
 
 
 10
 This sentencing scheme raises no double jeopardy issues because the indictment and defendant's guilty plea dealt with two separate crimes, two separate violations of 18 U.S.C.1952(a). The rule of lenity does not operate because there exists no ambiguity. See Bell v. United States, 349 U.S. 81, 83 (1955).[3]
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The government has not argued abuse of process under Rule 9 of the Rules Governing Proceedings Under 2255. We therefore address the merits of defendant's assertions
 
 
 [3]
 We deny defendant's motion to supplement and do not discuss his argument, raised for the first time in his reply brief, that the district court violated Fed.R.Crim.P. 11. That was not presented to the district court; there is no record that would permit our disposition of the issue on the merits