Judge OHLSON,
with whom Senior Judge ERDMANN joins, dissenting.
The majority does an admirable job of reciting the facts in this case and thus there is no reason to repeat those details here. Suffice it to say that the key takeaway from this ease is that Appellant was convicted at court-martial of multiple specifications of possession of child pornography, and the evidence in support of those specifications consisted of a set of seemingly identical images that appeared on each of four different electronic devices owned by Appellant—two external hard drives, a laptop hard drive, and an electronic mail account. Thus, in its reductionist form, the fundamental issue that this Court must wrestle with in this case is captured by the following query: if a service-member has an image of child pornography on one electronic device (such as a laptop) and has the identical image of child pornography on a different electronic device (such as a cell phone) can that servicemember properly be charged with two separate counts of possession of child pornography under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012)? I am not convinced that the answer to that question is “yes.” Accordingly, I respectfully dissent.
The issue before us is not whether a statute could be written in such a manner as to criminalize each instance where an accused has an identical image of child pornography on different electronic devices. Rather, the issue is whether the current law already permits this prosecutorial approach. In seeking to address that issue, the applicable criminal provisions provide us with little guidance. First, Article 134, UCMJ, states that possession of child pornography includes two elements: (1) that the accused knowingly and wrongfully possessed child pornography; and (2) that the conduct was prejudicial to good order and discipline or was service discrediting. Manual for Courts-Martial, United States pt. IV, para. 68b.b.(l) (2012 ed.) (MCM). And second, the MCM says in pertinent part that “[cjhild [pjornography” means “material that contains ... a visual depiction of [a] minor engaging in sexually explicit conduct.” Id. at pt. IV, para. 68b.c.(l). That’s *488 it. There is nothing else in the UCMJ, in the MCM, or in this Court’s case law that, in my view, sheds sufficient light on the central question of whether Appellant should have been charged with, or convicted of, one specification or multiple specifications of possession of child pornography.
Absent more clarity on this point, I conclude that multiple specifications in a case such as this are not authorized. In reaching this conclusion, I am guided by the Supreme Court case of Bell v. United States, 349 U.S. 81, 76 S.Ct. 620, 99 L.Ed. 906 (1956). In that Mann Act case, the defendant transported across state lines for “immoral purpose[s]” two women on the same trip and in the same vehicle. Id, at 82, 76 S.Ct. 620. After first .pleading guilty to two counts of violating the Mann Act, the defendant appealed and argued that he had only committed a single offense. Id, In deciding that case, Justice Frankfurter stated that the key issue was what should be considered “the allowable unit of prosecution under a statute which does not explicitly give the answer.” Id. at 81, 76 S.Ct. 620 (citation omitted).
Justice Frankfurter then opined as follows: It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions [about what constitutes the allowable unit of prosecution]. About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity.
Id, at 83, 75 S.Ct. 620 (emphasis added).
Similarly, in the military justice system, when Congress and the President fail to clearly indicate in plain language the allowable unit of prosecution under the provisions of a specific statute, this Court should resolve this lack of clarity in favor of an accused. As we stated in United States v, Szentmiklosi, “Unless a statutory intent to permit multiple punishments is stated ‘clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses[.]’ ” 55 M.J. 487, 491 (C.A.A.F. 2001) (alteration in original) (quoting Bell, 349 U.S. at 84, 75 S.Ct. 620).
Based on this analysis, I conclude that the multiple specifications of which Appellant was convicted do not pass muster under the plain language of the applicable criminal provisions because the incorrect unit of prosecution was used in charging and convicting Appellant. Therefore, I would set aside the findings of guilty with respect to all but one of the child pornography possession specifications, dismiss the remaining child pornography possession specifications, set aside the sentence, and remand for the United States Navy-Marine Corps Court of Criminal Appeals to reassess the sentence.[1] Accordingly, I respectfully dissent.

. Although at trial Appellant sought to have the military judge merge the specifications for sentencing purposes only, I conclude that the resolution of the issue before us appropriately includes setting aside and dismissing three of the specifications of which Appellant was convicted. I base this conclusion on the following points: such a step is inherently necessary in an "allowable unit of prosecution” analysis; the invocation of "an unreasonable multiplication of charges” in the issue presented arguably raises the question of .whether Appellant's convictions should stand; Appellant's initial brief to the Court stated that 'Appellant’s conduct "properly comprised one offense of possession"; Appellant’s reply brief stated that "[t]he Court should therefore dismiss all offenses but one and remand for resentencing”; and at oral argument, Appellant's counsel argued that Appellant should have his convictions "condensed into one" and "resentencing ordered.”