

**FILED**

December 16, 2022 10:36 AM
ST-2021-CR-00219
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) CASE NO. ST-2021-CR-00219 |
| | ) |
| Plaintiff, | ) 14 V.I.C. § 1700a(a) (4 Counts) |
| vs. | ) 14 V.I.C. § 295(3) |
| | ) 14 V.I.C. § 1708(a)(1) |
| JEFFERSON FAUSTIN, | ) 14 V.I.C. § 505 |
| | ) |
| Defendant. | ) |
| | ) |

Cite as 2022 VI Super 98U

## MEMORANDUM OPINION AND ORDER

**¶1**　　**THIS MATTER** comes before the Court on:

1.　　Defendant's Motion To Consolidate Or Dismiss Multiplicitous Counts ("Motion"), filed October 29, 2021;

2.　　The People's Opposition To Defendant's Motion To Consolidate Or Dismiss Counts, filed November 17, 2021; and

3.　　Reply To The People's Opposition To Defendant's Motion To Consolidate Or Dismiss Counts, filed December 1, 2021.

**¶2**　　The Court will deny Defendant's Motion as the charges are not multiplicitous.

## I.　　INTRODUCTION

**¶3**　　On July 17, 2021, Jefferson Faustin ("Faustin") turned himself in to the Virgin Islands Police Department ("VIPD") upon learning of allegations made against him, and he was subsequently arrested and charged with: (1) four counts of Aggravated Rape In The Second Degree in violation of V.I. CODE ANN. tit. 14 § 1700a(a); (2) one count of First Degree Assault in violation of 14 V.I.C. § 295(3); (3) one count of First Degree Unlawful Sexual Contact in violation of 14 V.I.C. § 1708(a)(1); and (4) one count of Child Abuse in violation of 14 V.I.C. § 505.

## A. Parties' Arguments

¶4    Faustin moves for this Court to consolidate Count One and Count Two of the Information as he alleges they are multiplicitous.[1] Faustin makes his request pursuant to Virgin Islands Rule of Criminal Procedure 12(b)(3)(B)(ii) and Rule 47.[2] Count One alleges that Faustin committed Aggravated Rape In The Second Degree when he committed sodomy by performing cunnilingus on a fifteen (15)-year old girl and Count Two alleges that Faustin committed Aggravated Rape In The Second when he committed sodomy by inserting his penis in the same girl's mouth during the same alleged episode. Faustin asserts that "both charges allege sodomy by 'carnal knowledge of any person by the mouth' on a single date, in a single episode, involving a single alleged victim" and they are therefore multiplicitous as "Counts One and Two require the People to prove the exact same elements[.]"[3]

¶5    Faustin argues that both actions constitute a single act, as "sodomy" is defined in one section of the statute as "carnal knowledge of any person by the mouth, i.e., cunnilingus or fellatio," and the other parts of the definition of sodomy are separated from this clause by a semicolon, which Faustin contends indicates it is an independent phrase.[4] Therefore, Faustin claims, the actions are one independent unit of prosecution as both acts are contained in the same independent phrase as written by the Legislature.[5]

¶6    Faustin differentiates the instant case from the 2015 Virgin Islands Supreme Court case *Francis v. People*.[6] Faustin states in that case, the multiple acts which occurred during one incident were "fellatio" and "inserting a finger into the victim's anus."[7] Faustin points out that these two (2) acts fall in two (2) different independent phrases within the definition of "sodomy" as presented in 14 V.I.C. § 1699(f) and they are separated by a semicolon, and thus "[t]his critical distinction warrants a different result in this matter than in *Francis*."[8]

¶7    Faustin further urges the Court to follow the persuasive decision of the Kansas Court of Appeals in *State v. Ferenz*.[9] That case, also involving child sex crimes, had a similar definitional structure for "sodomy" which also offset by semicolon the definition of sodomy involving oral sexual contact with either male or female genitalia from other definitions of sodomy.[10] The Kansas Court of Appeals stated:

---

[1] Def.'s Mot. 1.
[2] Def.'s Mot. 1. Rule 47 simply provides the standards for the filing of motions.
[3] Def.'s Mot. 4.
[4] Def.'s Mot. 4. 14 V.I.C. § 1699(f).
[5] Def.'s Mot. 4.
[6] 63 V.I. 724 (V.I. 2015).
[7] Def.'s Mot. 4. *Francis*, 63 V.I. at 724-44.
[8] Def.'s Mot. 5.
[9] No. 111,156, 2015 Kan. App. Unpub. LEXIS 134, at *1 (Kan. Ct. App. 2015) (unpublished).
[10] *Id.* at *28-29.

We find that Ferenz' argument has merit. Moreover, although Ferenz does not address the implications of the statutory definition of sodomy, we note that the definition places "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia" in one subsection and, in fact, within one phrase of the definition, set off by a semicolon from the other definitions. Thus, the plain language of the statute creates a single unit of prosecution for the acts underlying Ferenz' aggravated criminal sodomy convictions, which means that the separate convictions are multiplicitous.[11]

¶8    Faustin argues that keeping the multiplicitous charge will prejudice him in the eyes of the jury and increase the risk of the jury engaging in a "compromise verdict."[12] Faustin argues that as multiplicitous charges violate the Double Jeopardy Clause of the Revised Organic Act and the Fifth Amendment of the U.S. Constitution, one charge will have to be vacated if convicted anyway.[13] Faustin also asserts multiplicitous charges "contravene the goals of '. . . simplicity in procedure and fairness in administration . . . '" as outlined by Virgin Islands Rule of Criminal Procedure 1(d).[14] Finally, Faustin cites to *Ward v. People*[15] and argues that if the Court were to find the language ambiguous, the Court should follow the "rule of lenity" and resolve any ambiguity in a way lenient to the defendant.[16]

¶9    The People oppose Faustin's Motion and argue that under *Titre v. People*,[17] the Court must apply the *Blockburger* test to see if there has been a violation of the Double Jeopardy Clause.[18] Under the *Blockburger* test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[19] The People argue that although both acts occurred concurrently, they constituted two separate acts and the People would have to prove each beyond a reasonable doubt.[20] The People argue that although charging both may reflect badly on Faustin, that is not a product of the charging scheme, but of Faustin's "violently sexual behavior."[21] The People reserve further arguments for a hearing on the Motion.[22]

---

[11] *Id.* at *29-30 (citations omitted).
[12] Def.'s Mot. 5-6.
[13] Def.'s Mot. 6.
[14] Def.'s Mot. 6. V.I. R. CRIM. P. 1(d) ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").
[15] 58 V.I. 277 (V.I. 2013).
[16] Def.'s Mot.
[17] 70 V.I. 797 (2019).
[18] People's Opp'n 2.
[19] People's Opp'n 2. *Titre*, 70 V.I. at 803.
[20] People's Opp'n 2.
[21] People's Opp'n 2.
[22] People's Opp'n 3. No hearing was requested by either party or scheduled by this Court.

¶10    Faustin replies that the People's argument "completely misses the actual required legal analysis" as the People do not "address the language of the charging statutes, the rules of statutory construction, or address what is the appropriate 'unit of prosecution' based on said statutes and the precedents cited in Mr. Faustin's motion."[23] Faustin, citing to *Melendez v. People*,[24] argues that the People have waived these issues by not addressing them.[25] Faustin, citing to *People v. Pringle*,[26] reiterates his argument that multiplicitous charges may leave a prejudicial impression on the jury and he notes that the People have not addressed this issue either.[27] Finally, Faustin argues that no hearing was requested, and, since the issue presented in the Motion requires only statutory analysis, there are no factual determinations that require a hearing, and therefore the People waive any arguments they intended to make at said hearing.[28]

## II.    LEGAL STANDARD

### A.  Multiplicity

¶11    "Multiplicity occurs when an information charges a single crime in several different counts."[29] When the charges are two different statutory provisions, the Court must determine whether "the Legislature intended for the charging statute to provide for singular or multiple crimes" by analyzing "whether the separate counts charged require proof of exactly the same elements."[30] This is known as the *Blockburger* test.[31] However, when someone is twice charged under the same statute for conduct occurring around the same time, "[t]he proper inquiry is what 'unit of prosecution' has the Legislature intended as the punishable act . . . . The unit of prosecution for a crime may be an act or a course of conduct."[32] While considering another motion requesting consolidation of multiplicitous charges, this Court in *People v. Pringle* stated that:

> ¶16 Virgin Islands Rule of Criminal Procedure 12(b)(3)(B)(ii) allows a party to challenge a defect in the charging information before trial, namely that the information is "charging the same offense in more than one count

---

[23] Def.'s Reply 1.

[24] 56 V.I. 244 (2012).

[25] Def.'s Reply 1. The Court notes that *Melendez* merely states that the People cannot raise the issue of standing on appeal if it was not raised at the trial court. *Melendez*, 56 V.I. at 252-53 ("[T]he Court of Appeals for the Third Circuit held that if the government fails to raise the issue of standing in the trial court, the issue is waived on appeal.").

[26] 2021 VI Super 94U.

[27] Def.'s Reply 2.

[28] Def.'s Reply 2-3.

[29] *People v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014).

[30] *Id.* at 160.

[31] *Roberts v. People*, 2022 VI 10, ¶ 54 ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires a proof of fact which the other does not.").

[32] *Estick v. People*, 62 V.I. 604, 621 (V.I. 2015) (citing first *Bell v. United States*, 349 U.S. 81, 83 (1955); then *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225-26 (1952)) (where a defendant was twice charged with reckless endangerment in violation of 14 V.I.C. § 625(a)).

(multiplicity)." Title 14, § 104 of the Virgin Islands Code prevents multiple punishments for a single act or omission that can be charged under several different counts.

¶17 This Court has previously stated that "[a] multiplicitous indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." Further, multiplicitous charges in a charging document or information "may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed several crimes when, as a matter of law, he or she is only being accused of committing one crime."[33]

¶12     After finding the charges to be multiplicitous, this Court then stated:

¶25 The question then becomes whether it is proper to leave the charges in place and exercise the appropriate remedy should the need arise at sentencing, or whether the Court should proactively dismiss or consolidate the charges. This decision should be made on a case-by-case basis, considering such factors as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the severity of those charges.[34]

### III.     ANALYSIS

¶13     Aggravated Rape In The Second Degree is defined in pertinent part in 14 V.I.C. § 1700a(a) as:

Whoever perpetrates an act of sexual intercourse or sodomy with a person who is under eighteen years but thirteen years or older, or by force, intimidation, or the perpetrator's position of authority over the victim is used to accomplish the sexual act, is guilty of aggravated rape in the second degree[.][35]

¶14     Sodomy is defined in 14 V.I.C. § 1699(f) as: "carnal knowledge of any person by the mouth, i.e., cunnilingus or fellatio; or by the anus; or by submission to the same; or by any insertion, however slight, of any object into a person's anus, excluding such insertion for medical treatment or examination."[36]

---

[33] *Pringle*, ¶¶ 16-17 (citations omitted).
[34] *Id.* at ¶ 25.
[35] 14 V.I.C. § 1700a(a).
[36] 14 V.I.C. § 1699(a).

¶15    While the People point to the to the *Blockburger* test as the governing analytical test, the *Blockburger* test is utilized when there are two different statutory provisions.[37] Here, there are two charges but only one statutory provision, 14 V.I.C. § 1700a(a). Thus, the proper inquiry is what the proper 'unit of prosecution' the Legislature intended is. Specifically, the question here is whether an act of sodomy-by-cunnilingus, followed by an act of sodomy-by-fellatio, constitutes one (1) unit of prosecution or two (2) units of prosecution. Pursuant to the Court's analysis below, the Court finds that sodomy-by-cunnilingus and sodomy-by-fellatio constitute two (2) separate units of prosecution, even when occurring consecutively in the same instance.

### A. Cunnilingus and fellatio constitute two (2) separate units of prosecution

¶16    Faustin has argued that the semicolons in the definition of sodomy break up separate acts, which each constitute a different unit of prosecution for the purposes of the Aggravated Rape statute, § 1700a(a). Faustin has also pointed to a decision from outside this jurisdiction, where a court considered a similarly worded and punctuated statute and found that, when sodomy-by-fellatio and sodomy-by-cunnilingus occur around the same time, they constitute one (1) unit of prosecution. Lastly, Faustin has shrewdly differentiated the instant case from the Virgin Islands Supreme Court case of *Francis*, by noting the sodomitical acts in that case were set off by a semicolon, unlike here.

¶17    However, while Faustin has proffered plausible reasoning, persuasive precedent, and a compelling statutory analysis of § 1700a(a), and what little the People have offered in the way of law is not applicable, the Court is not swayed that there is only one (1) unit of prosecution here. As the court in *United States v. Coburn*[38] admonished, "[m]ultiplicity is not so much a limit on what [the Legislature] could do as it is a matter of discerning what [the Legislature] did do. That requires a commonsense look at the nature of the prohibition to discern what was intended as the unit of prosecution."[39]

¶18    Firstly, § 1700a(a) plainly states that it prohibits "an act of . . . sodomy." "An act" is singular. Section 1700a(a) thus clearly prohibits singular acts and not an entire course of conduct. Notably, what constitutes "sodomy" and "sexual intercourse" is not specified in the charging statute, but rather the Legislature has chosen to use more generalized terms which can comprise a wide variety of acts. These acts are defined elsewhere. Section 1699(f), which defines sodomy, is not an exemplar of straightforward legislative writing. However, while Faustin contends that the legislative intent of the semicolons in the defining statute is to cordon off different, unrelated definitions which can constitute sodomy, the definition of sodomy in the statute is more aptly read as a succession of interrelated clauses.

---

[37] *Roberts*, ¶ 54.
[38] 439 F. Supp. 3d 361 (D.N.J. 2020).
[39] *Id.* at 372.

¶19     Faustin asserts that "[e]ach portion of § 1699(f) separated by a semicolon is an independent phrase," but that is not the case.[40] On its own, "by the anus" would not make sense as an independent phrase defining sodomy, and that section clearly relates back to the first part of the definition, thus making the complete description "carnal knowledge of any person . . . by the anus." To ascertain the complete meaning, it is necessary to crossover the semicolon. Similarly, "by submission to the same" clearly relates back to both of the preceding clauses, making it also sodomy to receive "carnal knowledge" by either the mouth or the anus. Thus, the semicolons do not separate discrete, independent phrases, but phrases that modify and work in conjunction across the statute to define a varied and expansive concept. This is further supported by the fact that the statute under interpretation is a definitional statute, not a charging statute in which the different elements of a crime might be listed.

¶20     Given the disparate nature of the acts classified under sodomy (that is, they can be performed by or to the perpetrator, or the victim, and can be either with the mouth or anus), this is a more commonsense reading. That the Legislature explicitly differentiated what acts constitute "carnal knowledge by the mouth" by specifying fellatio and cunnilingus, but did not explicitly define or name what acts constitute "carnal knowledge by the anus," further strengthens the reading that the Legislature viewed fellatio and cunnilingus as separate, different acts, and not one act. Statutory construction must not only consider the punctuation, but also the structure of the statute as a whole and its subject matter.[41] Lastly, from an inexpert, "man-on-the-street" viewpoint, forcing a woman to receive oral sex and forcing a person to give oral sex to a man are clearly distinct acts inverse from each other, as the diametric verbs and sexes indicate.

¶21     This reading of § 1699(f) is further strengthened by the Virgin Islands Supreme Court's prior decisions. In *Castor v. People*,[42] the Virgin Islands Supreme Court noted that "'[a]ny sexual penetration, however slight, is sufficient to complete the crime' of rape."[43] In *Francis*, the Virgin Islands Supreme Court cited this to declare that "the Legislature has made it clear that these two distinct acts of penetration [(sodomy-by-fellatio and sodomy-by-anal penetration)] are to be considered separately as two units of prosecution."[44] The Virgin Islands Supreme Court further stated that "[e]ven though both acts occurred in the same afternoon, each action was separate and distinct from the other."[45] While Faustin points to a persuasive unpublished opinion from the Kentucky Appeals Court to bolster his reading of the statute, the Virgin Islands Supreme Court in *Francis* cited to a case from the Wisconsin Supreme Court to support their ruling.[46] The Virgin

---

[40] Def.'s Mot. 4.
[41] *U.S. Nat'l Bank of Ore. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) ("Statutory construction 'is a holistic endeavor,' . . . and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter." (quoting *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988))).
[42] 57 V.I. 482 (V.I. 2012).
[43] *Id.* at 492 (quoting 14 V.I.C. § 1704).
[44] *Francis*, 63 V.I. at 743.
[45] *Id.*
[46] *Id.* at 743-44.

Islands Supreme Court further cited this particular holding from that case: "holding the acts of cunnilingus, fellatio, anal intercourse and intrusion of an object into a genital opening are sufficiently different in nature to support separate convictions even when performed during a single sexual encounter."[47]

¶22    Since cunnilingus and fellatio are distinct and separate acts, these holdings and citations by the Virgin Islands Supreme Court support the Court's statutory interpretation that the Legislature intended for an act of sodomy-by-fellatio and an act of sodomy-by-cunnilingus to be separate units of prosecution in § 1700a(a). As the two (2) counts are separate units of prosecution, they are therefore not multiplicitous, and Faustin's Double Jeopardy Clause and Fifth Amendment rights are not implicated. The Court thus does not need to consider whether it is proper to dismiss or consolidate the charges. Accordingly, Faustin's Motion will be denied.

## IV.    CONCLUSION

¶23    Faustin, upon learning of allegations made against him, turned himself in to the VIPD on July 17, 2021, and he was subsequently arrested and charged with, *inter alia*, four (4) counts of Aggravated Rape In The Second Degree in violation of 14 V.I.C. § 1700a(a). One (1) charge stems from allegations that Faustin committed sodomy by performing cunnilingus on a fifteen (15)-year old girl, and the other charge stems from allegations that Faustin committed sodomy by forcing the girl to perform fellatio on him right after the first act. Faustin moved to have these charges dismissed or consolidated, as Faustin argues they are multiplicitous because they are both sodomy by "carnal knowledge of the mouth" and they are contained within the same clause in the statutory definition of sodomy, as separated from the other clauses in the statute by semicolons.

¶24    However, in reviewing the definitional statute and the charging statute, and considering the structure of the statutes, the language, and subject matter in addition to the punctuation, the Court does not view § 1699(f) as listing separate, independent acts that each constitute a different act of sodomy for charging purposes, but rather as an interrelated succession of clauses that modify each other so as to more completely define a broad concept containing varied and disparate acts. The Court interprets the legislative intent to be that sodomy-by-cunnilingus and sodomy-by-fellatio are separately chargeable even when both happened around the same time. This reading is bolstered by the Legislative decision to separately identify the acts by name in the statute, by a common-sense look at the diametric nature of the acts, and by prior Virgin Islands Supreme Court holdings and dicta considering the appropriate unit of prosecution in similar rape cases.

¶25    Accordingly, it is hereby

---

[47] *Id.*

**ORDERED** that Defendant's Motion To Consolidate Or Dismiss Multiplicitous Counts, filed October 29, 2021, is **DENIED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Assistant Attorney General Kimberly Riley and to Attorney Adam Christian.

DATED: December 16 , 2022

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor     12/19/2022