107 F.3d 924
 323 U.S.App.D.C. 291
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Linda TRUONG, Appellant.
 No. 95-3118.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 06, 1997.
 
 Before: GINSBURG, HENDERSON, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 For the reasons in the attached memorandum, it is
 
 
 3
 ORDERED and ADJUDGED that the conviction as to Count One be VACATED and that the convictions as to all other counts be AFFIRMED.
 
 
 4
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 5
 Linda Truong was convicted on two counts of interstate transportation of a minor for the purpose of prostitution, in violation of 18 U.S.C. § 2423; two counts of pandering, in violation of District of Columbia Code § 22-2705; two counts of procuring, in violation of D.C.Code § 22-2707; and one count of maintaining a bawdy house, in violation of D.C.Code § 22-2722. Upon appeal, Truong argues that the evidence was insufficient to support the jury's verdict on each count and that the district court erred in denying her post-trial motion for a new trial based upon newly discovered evidence.
 
 
 6
 Sao Katok testified at the trial that she had worked as a prostitute at Truong's Washington, D.C. massage parlor, the Hong Kong Spa, in 1993. In July 1994 Katok was living in Atlantic City, where her fourteen-year-old daughter, Kelly, and a thirteen-year-old friend, Kayla, were working as prostitutes. Katok ran into Truong at a casino and Truong asked Katok to come to Washington and work for her again. After Truong met Kelly and Kayla, she told Katok that the girls could make a lot of money working at the Hong Kong Spa because the customers wanted young girls. The group drove from New Jersey to Washington together and Katok began working as a prostitute at the Hong Kong Spa. Katok further testified that on several occasions she saw Kayla and Kelly sign in on a log used to keep track of business, enter a room with a customer, and emerge after half an hour or an hour carrying a condom wrapped in a napkin, which was then deposited in a trash can. After working at the Hong Kong Spa for eight days, Katok, Kelly, and Kayla left because Truong had failed to pay Kelly and Kayla their cut for their work.
 
 
 7
 Robert M. Trent, an agent with the Immigration and Naturalization Service, testified that he and other law enforcement officers executed a search warrant at the Hong Kong Spa on July 22, 1994 and arrested Truong, who was in the building at the time. The agents found, among other things, 495 condoms, an envelope containing 60 empty condom wrappers, and a number of envelopes containing small bills totaling more than $23,000. The rooms contained beds and mattresses. A video surveillance system had been installed in the building. The agents seized Truong's driver's license and passport and a credit card receipt showing a purchase made on Truong's credit card at a hotel gift shop in Atlantic City on July 6, 1994. Agent Trent further testified that a Hong Kong Spa customer identified Kelly and Kayla from a photo array as two girls with whom he had had sex at the Hong Kong Spa. Finally, Truong's sister, Deui-Ly, testified that Truong was in Atlantic City in early July, that she returned with Kelly and Kayla, and that the girls stayed at Deui-Ly's apartment above the Hong Kong Spa for two nights.
 
 
 8
 When reviewing the sufficiency of the evidence, the court asks only "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Truong argues that because Katok was the sole witness to connect Truong to many of the charges and because she had little credibility in that she testified pursuant to a plea agreement, no rational jury could have concluded beyond a reasonable doubt that Truong committed the crimes of which she was convicted.
 
 
 9
 * * *
 
 
 10
 Truong did not dispute that she operated the Hong Kong Spa but argued that it was a legitimate massage parlor. There was, however, abundant direct evidence that prostitution occurred at the Hong Kong Spa and that Truong was aware of that fact. Truong did not attempt to explain why a legitimate massage parlor required 495 condoms in order to operate or why its rooms would be equipped with beds and mattresses but not with massage tables. The log showing the names of customers, the name of the girl serving the customer, and the room of the encounter is consistent with a house of prostitution, as is the surveillance system. When arrested, Truong was near several indicia of prostitution, such as bags full of condoms and the envelope filled with empty condom wrappers. The jury certainly was justified in inferring that Truong was aware of the prostitution occurring at the Hong Kong Spa.
 
 
 11
 The other counts depend upon Katok's testimony. Truong argues that Katok had no credibility because she was testifying pursuant to a plea agreement, but that fact was made clear to the jury by Truong's vigorous cross-examination, and the jury nonetheless chose to credit Katok's testimony. It is the jury's province to determine the credibility of a witness, United States v. Kelley, 36 F.3d 1118, 1126 (D.C.Cir.1994), and a witness's testimony is not to be discredited simply because she is testifying pursuant to a plea agreement. In addition, other evidence corroborates Katok's story. Truong was in Atlantic City in early July and returned with Katok and the two girls, who stayed at the Hong Kong Spa. A customer identified Kelly and Kayla as girls with whom he had had sex. We cannot say that the evidence was so thin that no reasonable jury could have found Truong guilty of the charges beyond a reasonable doubt.
 
 
 12
 After Truong had been convicted, she moved for a new trial based upon newly discovered evidence. At a hearing before the district court three women who had been incarcerated with Katok testified that Katok said that Truong had done nothing wrong and that Truong did not know about what went on at the Hong Kong Spa. A district court may grant a motion for a new trial based upon newly discovered evidence only when five conditions are met: (1) the evidence was discovered after the trial; (2) the moving party shows that it diligently tried to procure the evidence before the trial; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved in the case; (5) the evidence is of such nature that it would probably produce an acquittal in a new trial. United States v. Lafayette, 983 F.2d 1102, 1105 (D.C.Cir.1993). The district court found that Truong did not meet the second, third, or fifth of these conditions and it denied Truong's motion.
 
 
 13
 Our role in reviewing this decision is limited; we can reverse only if the district court abused its discretion or misapplied the law. Id. Truong has not cast doubt upon any one of these three independently sufficient reasons for denial of her motion, let alone upon all three. To take just one of the conditions, Truong does not show that the evidence was anything other than impeachment evidence. If believed, the evidence would show that Katok had made inconsistent statements. As such, it is pure impeachment evidence. Accordingly, we hold that the district court did not abuse its discretion in denying the motion for a new trial.
 
 
 14
 We do, however, vacate one of Truong's two convictions under 18 U.S.C. § 2423. Although the evidence showed that Truong transported two minors across state lines for the purpose of prostitution, she did so in a single trip. The number of violations of § 2423 is determined not by the number of minors transported but by the number of trips transporting minors. See Bell v. United States, 349 U.S. 81, 83-84 (1955); United States v. Anderson, 851 F.2d 384, 391 (D.C.Cir.1988).