Hammell v. Warden                          CV-03-422-SM  08/31/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Brian R. Hammell,
      Petitioner

      v.                                   Civil No. 03-422-SM
                                           Opinion No. 2004 DNH 129
Bruce W. Cattell, Warden,
      Respondent


                           O R D E R


      Brian R. Hammell, a state prisoner serving concurrent

sentences resulting from convictions on nine counts of being a

felon in possession of a weapon, petitions for a writ of habeas

corpus.  18 U.S.C. § 2254.  After preliminary review by the

Magistrate Judge, Hammell's petition consists of seven claims.[1]

Before the court are cross motions for summary judgment.  For the

reasons given, respondent's motion for summary judgment is

granted and petitioner's motion for summary judgment is denied.


      The historical and procedural background to Hammell's

petition is set out in detail in the Magistrate Judge's report

_____

      [1] Two claims were dismissed for lack of subject-matter
jurisdiction because they alleged only violations of state law.

and recommendation (document no. 4). In brief, Hammell was arrested by police officers who responded to a 911 call from an apartment he occupied with his wife, Sheila, and Dan Mathieu. When the officers arrived, they found Hammell and his wife, both bleeding. Mathieu was also present, as were thirty-six assorted firearms and four knives. Hammell was initially arrested for simple assault, after he pushed one of the police officers. Subsequently, he was charged with forty counts of being a felon in possession of a weapon. Hammell was tried in the New Hampshire Superior Court and convicted on the assault charge and twelve of the forty felon-in-possession counts.[2] Three of the felon-in-possession counts were reversed, on direct appeal, by the New Hampshire Supreme Court.[3] Hammell, 147 N.H. at 320. Here, Hammell challenges those remaining convictions on seven separate grounds, discussed in more detail below.

---

[2] Specifically, he was found guilty of "four counts of possessing a knife; five counts of possessing a twenty-two caliber weapon; and three counts of possessing a forty-five caliber weapon." State v. Hammell, 147 N.H. 313, 319 (2001).

[3] The three reversed convictions were related to the .45-caliber weapons.

2

Passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("ADEPA"), 28 U.S.C. § 2254(d), has significantly limited the power of the federal courts to grant habeas corpus relief to state prisoners. A federal court may disturb a state conviction only when: (1) the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); or (2) the state court's resolution of the issues before it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 399 (2000). Regarding the distinction between decisions "contrary to" clearly established federal law and those involving an "unreasonable application" of federal law, the United States Supreme Court has stated:

> Under the "contrary to" clause, a federal habeas court
> may grant the writ if the state court arrives at a
> conclusion opposite to that reached by [the Supreme]
> Court on a question of law or if the state court
> decides a case differently than [the Supreme] Court has
> on a set of materially indistinguishable facts. Under
> the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies
> the correct governing legal principle from [the

3

> Supreme] Court's decisions but unreasonably applies
> that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13.

Ground One

Petitioner claims that the New Hampshire Supreme Court violated his Fourteenth Amendment right to due process when it affirmed his conviction on the four knife-related counts by relying, in the first instance, on evidence not presented to the jury and, ultimately, by relying upon insufficient evidence. Respondent concedes that the Supreme Court erroneously relied upon evidence not presented to the jury in affirming petitioner's convictions on the knife-related counts.[4] However, respondent argues that the evidence that was presented to the jury was sufficient to support both the jury verdict and, consequently, the Supreme Court's decision to affirm the knife-related convictions. Petitioner counters that disputed issues of

---

[4] In his direct appeal, Hammell challenged the denial of his pre-trial motion to suppress evidence as well as his conviction. In its opinion, the Supreme Court presented a single statement of facts, drawing from the records of both the suppression hearing and the trial. In affirming Hammell's conviction on the four knife-related charges, the Court mentioned one piece of testimony offered at the suppression hearing but not at trial.

4

material fact preclude summary judgment in respondent's favor. Petitioner makes the same argument regarding each of the seven grounds in his petition. Rather than identifying material factual disputes, however, he points to various undisputed facts and argues that, as a logical matter, they do not support a finding of guilt. Thus, plaintiff has raised no factual dispute that would preclude summary judgment.

Petitioner's constitutional right not to be convicted on insufficient evidence is spelled out in Jackson v. Virginia, 443 U.S. 307 (1979), in which the United States Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)).

In his direct appeal to the New Hampshire Supreme Court, Hammell argued that the evidence was insufficient to support any of his twelve convictions for being a felon in possession of a weapon. Hammell, 147 N.H. at 318. Relying upon a state

sufficiency-of-the-evidence rule that is the functional equivalent of the rule established in <u>Jackson</u>,[5] the New Hampshire Supreme Court rejected Hammell's claim that his conviction on the four knife-related counts was not supported by sufficient evidence. <u>Id.</u> at 319. Explaining its holding, the Court stated:

> Reviewing the trial record, we hold that a rational trier of fact, evaluating all of the evidence and its reasonable inferences in the light most favorable to the State, could conclude beyond a reasonable doubt that the defendant was in control of the four knives discovered in the bedroom of the apartment. <u>See</u> <u>Graham</u>, 142 N.H. at 360. Both the defendant and Mrs. Hammell were residing in the apartment at the time of the incident. When [Officer] Dexter arrived at the apartment he discovered both the defendant and Mrs. Hammell bleeding. Mrs. Hammell identified knives she claimed were brandished by the defendant and Smith in the earlier altercation. One of the four knives seized by Dexter had blood on the blade and all four knives were lying in close proximity to one another. In addition, at trial the defendant's cellmate, Keith Olsen, testified that the defendant admitted to being in a fight with [Jeffrey] Smith in which both men brandished knives.

<u>Hammell</u>, 147 N.H. at 319.

---

[5] The New Hampshire Supreme Court relied upon the following rule: "To prevail on a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, evaluating all of the evidence and its reasonable inferences in the light most favorable to the State, could conclude beyond a reasonable doubt that he had committed the charged crime." <u>Hammell</u>, 147 N.H. at 319 (citing <u>State v. Graham</u>, 142 N.H. 357, 360 (1997)).

6

In petitioner's view, he is entitled to habeas relief because the New Hampshire Supreme Court, in affirming his conviction on the knife-related charges, relied upon the fact that "Mrs. Hammell identified knives she claimed were brandished by the defendant and Smith in the earlier altercation." The state court's inclusion of that fact in its opinion, while plainly error, does not necessarily warrant habeas relief. Petitioner does not have a constitutional right to a perfect appellate decision any more than he has a constitutional right to a perfect trial. See Mastracchio v. Vose, 274 F.3d 590, 605 (1st Cir. 2001) (explaining that habeas relief was not available to criminal defendant who "did not receive a perfect trial [but] received a fair one").

The constitution guarantees petitioner the right not to be deprived of liberty on the basis of insufficient evidence, that is, evidence from which no rational trier of fact could have found that he committed the essential elements of the crimes of which he was convicted. Thus, if a rational trier of fact could find the essential elements of the charged felon-in-possession offenses from the evidence before the jury, then the Supreme

7

Court did not make a decision that was "contrary to, or [that] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Even ignoring the evidence the state court incorrectly considered (<u>i.e.</u>, that Mrs. Hammell identified the knives as having been brandished by her husband and Smith), a rational trier of fact still could have found beyond a reasonable doubt that Hammell committed the essential elements of being a felon in possession with respect to the four knives in the apartment. Under New Hampshire law:

> A person is guilty of a class B felony if he:
>
>     (a) Owns <u>or</u> has in his possession <u>or</u> under his control, a pistol, revolver, or other firearm, or slungshot[sic], metallic knuckles, billies, stiletto, switchblade knife, sword cane, pistol cane, blackjack, dagger, dirk-knife, or other deadly weapon as defined in RSA 625:11, V; and
>
>     (b) Has been convicted in either a state or federal court in this or any other state, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States of:
>         (1) A felony against the person or property of another; or
>         (2) A felony under RSA 318-B; or

8

> (3) A felony violation of the laws of any other
> state, the District of Columbia, the United
> States, the Commonwealth of Puerto Rico or any
> territory or possession of the United States
> relating to controlled drugs as defined in RSA
> 318-B.

N.H. REV. STAT. ANN. ("RSA") § 159:3, I (emphasis added).  For purposes of the felon-in-possession statute, the term "[c]ontrol is defined as the 'authority to direct or regulate'; when used as a verb, the word means 'to regulate, . . . to exercise authority over, . . . [to] direct [or] command, . . . to curb [or] restrain.'"  State v. Pike, 128 N.H. 447, 449 (1986) (quoting WEBSTER'S NEW WORLD DICTIONARY 165 (MacMillan Students ed. 1960)).  In other words, with regard to control of a weapon, "[t]he question [raised is whether [a person] is] the one who ultimately, among the persons who may have occupied that structure in which the firearms were found, could determine who could . . . use that particular rifle or rifles[.]"  Id. at 450 (quotation omitted).

Here, petitioner concedes that he was a convicted felon at the time of his arrest, and respondent appears to concede that petitioner did not own any of the four knives at issue.  Thus, the only question is whether the state court unreasonably applied

9

the sufficiency-of-the-evidence standard when it affirmed the jury's verdicts of guilt regarding the four knives. While the Supreme Court erred when it considered evidence not before the jury, its decision – affirming the conviction – was not unreasonable, because a reasonable trier of fact could find, from the evidence properly before the jury, that petitioner controlled the four knives by virtue of his power to determine who could use them.

The jury was presented with evidence that: (1) the four knives were found in proximity to one another in a bedroom petitioner shared with his wife; (2) shortly before the police arrived, petitioner had been involved in a fight in which he wielded a knife; (3) petitioner's wife had a gash on her hand when the police arrived; and (4) one of the knives in the bedroom had blood on it. It is not an unreasonable application of the sufficiency-of-the-evidence standard to conclude, on that record, that a rational trier of fact could find that petitioner had the power to determine who used the four knives he was charged with possessing. In other words, it would not be irrational for a trier of fact to base a verdict on the following reasoning: (1)

10

Hammell was involved in a knife fight during which he actually possessed a knife; (2) he selected the knife he used from among the four stored in the bedroom he shared with his wife (and returned the knife to that location after the fight); (3) because the four knives were stored together, Hammell's possession and use of one of them demonstrated his control over all of them.

Because the state court's decision to affirm the four knife-based convictions was not contradictory to, and did not involve an unreasonable application of, the Supreme Court's sufficiency-of-the-evidence decisions, petitioner is not entitled to habeas corpus relief based upon the first ground raised in his petition.

Ground Two

Petitioner claims that he was subjected to double jeopardy and/or a trial unfairly tainted by prosecutorial overreaching because he was tried on forty separate counts of being a felon in possession of a weapon. Respondent argues that the State violated none of petitioner's constitutional rights by charging him with forty separate offenses.

11

The Sixth Amendment to the United States constitution protects criminal defendants from being placed in jeopardy more than once for the same offense. The New Hampshire Supreme Court has ruled that the double jeopardy provision of the United States constitution permits the State to charge multiple violations of RSA 159:3 based upon the possession of more than one weapon. State v. Stratton, 132 N.H. 451, 454-55 (1989). No United States Supreme Court opinion holds it unconstitutional for a state to enact a statute under which a felon could be convicted of a separate offense for each weapon he or she is found to possess.[6] The New Hampshire Supreme Court has not misapplied any governing legal principle to the facts of petitioner's case. To the contrary, in Bell v. United States, 349 U.S. 81 (1955), the United States Supreme Court stated: "Congress could no doubt make the simultaneous transportation of more than one woman in violation of the Mann Act liable to cumulative punishment for

_____

[6] Petitioner notes, correctly, that the Seventh Circuit has held that in prosecutions under 18 U.S.C. § 922(g)(1), the federal felon-in-possession statute, a defendant charged with possessing more than one weapon in a single transaction may only be charged with a single count. See United States v. Buchmeier, 255 F.3d 415, 423 (7th Cir. 2001). However, the Seventh Circuit's construction of the federal felon-in-possession statute has no bearing on this case, which involves the constitutionality of a New Hampshire state statute.

12

each woman so transported.  The question is: did it do so?"  Id. at 82-83.  The legal principle stated in Bell plainly permitted the New Hampshire legislature to determine that the proper unit of prosecution under its felon-in-possession statute is one offense per weapon.  Accordingly, petitioner is not entitled to habeas corpus relief, based upon his multiple indictment, on double jeopardy grounds.

Equally unavailing is petitioner's claim that he was denied due process of law when he was tried on forty separate counts. The trial court's decision to allow trial on all forty counts was not contrary to any decision by the United States Supreme Court. Moreover, based on the record, it is clear that petitioner was not subjected to a trial that "violate[d] those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'"  Dowling v. United States, 493 U.S. 342, 353 (1990) (quoting Mooney v. Holohan, 294 U.S. 103, 112 (1935); Rochin v. California, 342 U.S. 165, 173 (1952)).  Thus, the New Hampshire Supreme Court did not unreasonably apply federal due process jurisprudence in affirming the trial court.

13

Accordingly, petitioner is not entitled to habeas corpus relief, based upon his multiple indictment, on due process grounds.

Ground Three

Petitioner argues that his rights to due process and protection from double jeopardy were violated because his four convictions for being a felon in possession of a knife were not supported by sufficient evidence. The essence of his claim is that the jury convicted him on all four knife-related counts without evidence linking him to any particular knife. Petitioner's double jeopardy argument fails for the reasons given above. Even if knowledge and proximity are insufficient, as a matter of law, to support an inference of possession, New Hampshire's felon-in-possession statute is violated when a felon owns, possesses, or controls a weapon. In this case, the jury was presented with sufficient evidence from which it could conclude, beyond a reasonable doubt, that Hammell possessed one of the four knives found in the bedroom, and controlled all four. Accordingly, petitioner is not entitled to habeas corpus relief based upon the claims made in ground three.

14

Ground Four

Petitioner argues that his rights to due process and protection from double jeopardy were violated because his five convictions for being a felon in possession of a firearm were not supported by sufficient evidence. As with the four knife-related convictions discussed above, petitioner contends that his constitutional rights were violated because he was convicted on five counts related to .22-caliber weapons without sufficient evidence that he ever possessed any specific .22-caliber weapon. His double jeopardy claim fails for the reasons already given. Regarding the sufficiency-of-the-evidence claim, respondent argues that under the standard set out in Jackson, a rational trier of fact could find that Hammell had control over the five .22-caliber weapons found in the apartment at the time of his arrest.

In its decision affirming petitioner's conviction on the five counts related to the .22-caliber weapons, the New Hampshire Supreme court recited the following facts:

>  At the time of his arrest, the [petitioner] had fifteen rounds of twenty-two caliber ammunition in his pocket. In addition, [petitioner's cellmate] Olsen also

15

> testified that the [petitioner] admitted that he had
> been shooting twenty-two caliber weapons with Mathieu
> on the day of his arrest.

Hammell, 147 N.H. at 320. The jury also heard evidence that petitioner had been living off and on for thirty days in the apartment in which the .22-caliber weapons were found, and that he had full access to the apartment. It would not be irrational for a trier of fact to base a guilty verdict on the following reasoning: (1) Hammell shot a .22-caliber gun earlier in the day on which he was arrested; (2) he was arrested with .22-caliber ammunition in his pockets; (3) the apartment where he was arrested (in which he was then living, and to which he had full access) contained five .22-caliber weapons; (4) because he had .22-caliber ammunition in his pocket and full access to the .22-caliber weapons in the apartment – at least one of which he had already used – he had the ability to control those firearms by determining their use and disposition. That a rational trier of fact could draw a different conclusion from the same facts is not material under the Jackson standard. Equally immaterial is the jury's decision to credit the testimony of one witness (Olsen) over that of another (Mathieu). Because the jury was presented with sufficient evidence from which to conclude, beyond a

16

reasonable doubt, that petitioner controlled the five .22-caliber firearms found in the apartment, he is not entitled to habeas corpus relief based upon the claims made in ground four.

Ground Seven

Petitioner argues that his rights to a fair trial and to be tried only on indictments handed down by a grand jury were violated by a jury instruction that improperly amended the indictment against him.  Specifically, he objects to the trial court's response to a question from the jury which, in petitioner's view, substantively altered the indictment against him by adding an element to the offense with which he was charged.[7]  Respondent argues that the trial court did not amend

_____

[7] In its charge to the jury, the trial court stated: "A person cannot be convicted of the crime [of being a felon in possession] if, for example, he happens to walk into a house in which there are weapons.  Nor is access alone or residence dispositive in determining if a person possesses or has control over a weapon. . . .  Whether a person possesses or controls a weapon is determined by all of the circumstances of the case." Tr. at 156.
During its deliberations, the jury posed the following questions: (1) "Please explain the sentence on page 7 line 19 'Nor is access alone or residence dispositive when determining if a person possesses or has control over a weapon"; and (2) "Can a person be in control of a weapon if he/she lives where these weapons are stored in an unlocked condition without anyone else being present?".
The trial court responded, in part: "Whether a person is in

17

the indictment, but merely clarified the wording of its initial instruction.

Under the Fifth Amendment's grand jury clause, a criminal defendant enjoys a constitutional right not to be tried on charges unless they are contained in an indictment returned by a grand jury. United States v. Miller, 471 U.S. 130, 131 n.1 (1985) (quoting U.S. Const. amend. V). That right is violated when "the offense proved at trial [is] not fully contained in the indictment, [because] trial evidence had 'amended' the indictment by broadening the possible bases for conviction from that which appeared in the indictment." Id. at 138 (citing Stirone v. United States, 361 U.S. 212 (1960)) (emphasis omitted).

The question in Stirone was "whether [the defendant] was convicted of an offense not charged in the indictment." Miller, 471 U.S. at 138-39 (quoting Stirone, 361 U.S. at 213). The

---

control of a weapon must be determined by considering all of the circumstances of a particular case. . . . When I say that access or residence is not dispositive, I mean that the mere fact that a person has access to weapons or lives in a residence where weapons are present does not necessarily mean the person has control over the weapons although these are factors you should consider as among the circumstances determining control."

18

Supreme Court held that Stirone had been so convicted, because the indictment charged him with interfering unlawfully with interstate commerce by engaging in extortion that obstructed shipments of sand into Pennsylvania, while, at trial, the prosecutor introduced evidence to prove both the sand shipment allegations _and_ allegations that Stirone unlawfully interfered with interstate commerce by obstructing the export of steel from Pennsylvania.

Here, by contrast, Hammell's offenses of conviction were fully contained in the indictment. In each of the indictments for being a felon in possession, petitioner was charged with having " . . . in his possession or under his control a dangerous weapon . . ." In its instructions to the jury, the trial court did not give the jury another theory under which it could return a guilty verdict, nor did it add an alternative element to the offense of being a felon in possession that could be proven in place of ownership, possession, or control. Rather, the court merely indicated some of the circumstances that the jury could consider in determining whether Hammell controlled any particular weapon. Moreover, rather than instructing the jury that access

to weapons, or residence in a place where weapons were stored, was enough to support a felon-in-possession conviction, the court did just the opposite. The jury was instructed that access and residence are factors that should be evaluated when determining control, but that neither factor, on its own, was sufficient to support a determination of control. In other words, the trial court correctly instructed the jury that access or residence could be considered in determining whether petitioner exercised control over the weapons at issue, but that neither access nor residence was sufficient, on its own, to establish control or possession.[8] Thus, the trial court did not effectively amend the indictment in violation of petitioner's constitutional rights and, as a consequence, he is not entitled to habeas corpus relief based upon his seventh ground.

Grounds Eight and Nine

Petitioner claims that his right to due process of law was violated by the State's knowing use of false evidence against him (ground eight) and that his Sixth Amendment right to present

---

[8] Contrary to petitioner's belief, identifying access and residence as circumstantial evidence of control is not the same as ruling that access or residence are elements of the offense of being a felon in possession.

exculpatory evidence was violated by the State's failure to disclose and/or its suppression of various pieces of evidence (ground nine). Respondent argues that those two grounds may not be raised on federal habeas corpus review because they were procedurally waived in the state court.

Under the doctrine of independent and adequate state grounds, federal habeas corpus review is barred "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Here, the state court has ruled that petitioner waived the issues raised in grounds eight and nine under the rule stated in Avery v. Cunningham, 131 N.H. 138, 143 (1988). Thus, this court is barred from considering those issues.

Petitioner contends that review is not barred because the Magistrate Judge determined that the claims he raises in grounds eight and nine met the exhaustion requirement for federal habeas corpus review. Those claims have been exhausted for federal habeas purposes. See Coleman, 501 U.S. at 732 ("A habeas

21

petitioner who has defaulted his federal claims in state court [thus barring federal review] meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.") (citations omitted). But, as in <u>Coleman</u>, the state court decision that establishes exhaustion also establishes that petitioner's claims are barred under the independent and adequate state grounds doctrine.[9] Thus, review on the merits is not available in this forum.

## Conclusion

For the reasons given above, petitioner's incarceration is not the result of "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, respondent's motion for summary judgment (document no. 16) is granted, petitioner's motion for summary judgment (document no. 12) is denied, and his petition for a writ of habeas corpus is dismissed. The clerk of

---

[9] The independent and adequate state grounds doctrine admits of two exceptions, for petitioners who can show cause and prejudice for their defaults, and for those who can establish actual innocence, <u>see</u> <u>Simpson v. Matesanz</u>, 175 F.3d 200, 209 (1st Cir. 1999), but neither exception applies to this case.

22

the court shall enter judgment in accordance with this order and close the case.

     **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 31, 2004

cc:  Brian R. Hammell, pro se
     Ann M. Rice, Esq.